IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KEINO S. CHRICHLOW, | § | |
| | § | |
| Defendant Below- | § | No. 293, 2014 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for New Castle County |
| | § | Cr. ID 0611011396 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: July 18, 2014
Decided: August 26, 2014

Before **HOLLAND**, **RIDGELY**, and **VALIHURA**, Justices.

## <u>ORDER</u>

This 26th day of August 2014, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1)     The appellant, Keino S. Chrichlow, filed this appeal from the Superior Court's summary dismissal of his third motion for postconviction relief. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Chrichlow's opening brief that his appeal is without merit.[1] We agree and affirm.

---

[1] Supr. Ct. R. 25(a).

(2) The record reflects that, in June 2007, a Superior Court jury found Chrichlow guilty of sixteen counts of Robbery in the First Degree, two counts of Possession of a Firearm During the Commission of a Felony, and one count of Conspiracy in the Second Degree. In October 2007, the Superior Court granted Chrichlow's motion for judgment of acquittal, in part, reducing nine of the convictions of Robbery in the First Degree to convictions of Aggravated Menacing.[2] Chrichlow was sentenced to twenty-one years of Level V incarceration.

(3) Chrichlow filed his first motion for postconviction relief on January 26, 2010. In his first postconviction motion, Chrichlow raised ineffective assistance of counsel claims based on his trial counsel's failure to request an accomplice level of liability jury instruction under 11 *Del. C.* § 274 ("Section 274") and his appellate counsel's failure to raise the lack of a Section 274 request on appeal. After considering affidavits of Chrichlow's trial counsel and appellate counsel, the Superior Court concluded that trial counsel had made a conscious and

---

[2] *State v. Bridgers*, 988 A.2d 939 (Del. Super. 2007). The State filed an unsuccessful appeal challenging the Superior Court's reduction of the robbery convictions to aggravated menacing convictions. This Court affirmed the Superior Court's judgment on appeal. *State v. Bridgers*, 2009 WL 824536 (Del. Mar. 30, 2009). Although Chrichlow's co-defendant filed a cross-appeal, Chrichlow did not file a cross-appeal. Chrichlow filed an appeal on May 26, 2009. That appeal was dismissed as untimely. *Chrichlow v. State*, 2009 WL 2027250 (Del. July 14, 2009).

2

professionally responsible decision not to raise Section 274.[3] This Court affirmed the Superior Court's decision.[4] We found that Chrichlow failed to show his trial counsel erred by choosing not to request a Section 274 instruction or that he was prejudiced by this strategy.[5] We also found that Chrichlow was not prejudiced by his appellate counsel's failure to cross-appeal because Chrichlow's only viable appellate claim on direct appeal—that the jury should been given a Section 274 instruction—lacked merit.[6]

(4) On October 23, 2012, Chrichlow filed his second motion for postconviction relief. Relying on *Martinez v. Ryan*,[7] Chrichlow claimed he could not properly challenge his convictions in his first postconviction motion because he was not represented by counsel. The Superior Court concluded that *Martinez* did not support Chrichlow's claim and dismissed Chrichlow's second postconviction motion.[8] Chrichlow did not appeal.

---

[3] *State v. Chrichlow*, 2011 WL 7063684, at *3-4 (Del. Super. Dec. 28, 2011) (noting trial counsel's concern that raising Section 274 could cause State to offer evidence of another armed robbery Chrichlow was charged with and that raising Section 274 and lesser included offenses as alternative defense could undermine main defense that Chrichlow should be acquitted).

[4] *Chrichlow v. State*, 2012 WL 3089403 (Del. July 30, 2012).

[5] *Id.* at *2.

[6] *Id.*

[7] — U.S. —, 132 S. Ct. 1309, 182 L.E.2d 272 (2012).

[8] *State v. Chrichlow*, 2013 WL 2423118, at *1-2 (Del. Super. Mar. 28, 2013).

(5) On September 17, 2013, Chrichlow filed a motion for appointment of counsel to file a third motion for postconviction relief. Chrichclow claimed he was entitled to appointment of counsel under *Holmes v. State*[9] and *Martinez*. The Superior Court disagreed and denied the motion for appointment of counsel on November 13, 2013.[10]

(6) On April 21, 2014, Chrichlow filed his third motion for postconviction relief. Chrichlow claimed: (i) the Superior Court was required to give a Section 274 instruction; (ii) his trial counsel was ineffective because he failed to discuss the implications of not requesting a Section 274 instruction with Chrichlow; and (iii) the jury could have been misled by the indictment, evidence, and jury instructions without a Section 274 instruction and without an instruction from the Superior Court to return if they had any questions. The Superior Court summarily dismissed Chrichlow's motion, finding the claims procedurally barred under Rule 61(i) as repetitive and previously adjudicated, that Chrichlow did not show cause or prejudice to overcome the procedural bars, and that further review was not warranted in the interest of justice or to address a constitutional violation.[11] This appeal followed.

---

[9] 2013 WL 2297072 (Del. May 23, 2013).

[10] *State v. Chrichlow*, 2013 WL 7095868 (Del. Super. Nov. 13, 2013).

[11] *State v. Chrichlow*, 2014 WL 3563388 (Del. May 6, 2014).

(7)     In his opening brief, Chrichlow claims: (i) his trial counsel was ineffective because he failed to request a Section 274 instruction; (ii) his appellate counsel was ineffective because he failed to raise the Section 274 claim on appeal; (iii) the Superior Court violated his rights by not addressing the Section 274 issue to the fullest extent of the law; (iv) the Superior Court was required to give a Section 274 instruction; and (v) the jury could have been misled by the indictment and jury instructions without a Section 274 instruction and without an instruction from the Superior Court to return if they had any questions.  Chrichlow also requests appointment of counsel under *Holmes*.  To the extent Chrichlow has not presented claims that he raised below, those claims are deemed to be waived and will not be considered by this Court.[12]

(8)     This Court reviews the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[13]  The procedural requirements of Rule 61 must be considered before addressing any substantive issues.[14]  The Superior Court and this Court have previously addressed and rejected Chrichlow's ineffective assistance of counsel claims based on the lack of a Section

---

[12] *Murphy v. State*, 632 A.2d 1150, 1152 (Del. 1993).

[13] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[14] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

274 instruction.[15] The other Section 274 claims Chrichlow raises are essentially refinements or restatements of his ineffective assistance of counsel claim. Chrichlow is not entitled to reconsideration of an issue that has already been considered and rejected "simply because the claim is refined or restated."[16] Thus, Chrichlow's claims are barred under Rule 61(i)(4) as previously adjudicated unless reconsideration is warranted in the interest of justice. Chrichlow's reliance on *Allen v. State*[17] as requiring reconsideration of his previously adjudicated claims in the interest of justice is misplaced. First, *Allen* is not retroactive.[18] Second, the Superior Court discussed *Allen* in its decision denying Chrichlow's first motion for postconviction relief.[19]

(9)    Even if Chrichlow raised any new postconviction claims, those claims would be untimely under Rule 61(i)(1),[20] repetitive under Rule 61(i)(2),[21] and

---

[15] *Chrichlow v. State*, 2012 WL 3089403; *State v. Chrichlow*, 2011 WL 7063684, at *3-4;

[16] *Riley v. State*, 585 A.2d 719, 721 (Del. 1989), *abrogated on other grounds by Morgan v. Illinois*, 504 U.S. 719 (1992). *See also State v. Wright*, 67 A.3d 319, 323 (Del. 2013).

[17] 970 A.2d 203, 214 (Del. 2009) (holding defendant was entitled to Section 274 instruction requested by his counsel on charges divided into degrees).

[18] *Richardson v. State*, 3 A.3d 233, 240 (Del. 2010).

[19] *State v. Chrichlow*, 2011 WL 7063684, at *1-3.

[20] Super. Ct. Crim. R. 61(i)(1) (barring motion filed more than one year after judgment of conviction is final).

[21] Super. Ct. Crim. R. 61(i)(2) (barring any ground for relief not asserted in prior postconviction motion).

6

procedurally defaulted under Rule 61(i))(3).[22] Chrichlow has not demonstrated that consideration of his barred claims is necessary based on a newly recognized "retroactively applicable right,"[23] "in the interest of justice,"[24] or due to "a miscarriage of justice because of a constitutional violation."[25] Chrichlow has also failed to show cause and prejudice for his procedural default under Rule 61(i)(3). Accordingly, the Superior Court did not err in dismissing Chrichlow's third motion for postconviction relief.

(10) Finally, Chrichlow has not shown he is entitled to appointment of counsel under *Holmes*. In *Holmes*, we held that the Superior Court abused its discretion in denying Holmes' motion for the appointment of counsel to assist him in his first postconviction proceeding.[26] We remanded for the appointment of counsel under the recently amended Rule 61(e)(1), which allowed for the appointment of counsel in first postconviction proceedings effective May 6, 2013.[27] The amendment to Rule 61(e)(1) was not retroactive.[28] Given that this is

---

[22] Super. Ct. Crim. R. 61(i)(3) (barring claim not raised in proceedings leading to conviction).

[23] Super Ct. R. 61(i)(1).

[24] Super Ct. R. 61(i)(2).

[25] Super Ct. R. 61(i)(5).

[26] 2013 WL 2297072, at *1.

[27] *Id.*

[28] *Roten v. State*, 2013 WL 5808236 (Del. Oct. 28, 2013).

Chrichlow's third postconviction motion, *Holmes* is simply not applicable here and Chrichlow has not established good cause for appointment of counsel.

NOW, THEREFORE, IT IS ORDERED that motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

_____
Justice

8