# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | |
| | ) | |
| **v.** | ) | **ID No. 84005725DI** |
| | ) | |
| **CHRISTOPHER DESMOND** | ) | |

## ORDER

This 1st day of May, 2019, having considered Defendant's Motion to Recuse, the State's Answer, Defendant's Reply, and the record of this case, Defendant's Motion is deemed an extension of his January 14, 2019 Motion for Postconviction Relief and is **SUMMARILY DISMISSED**.

It appears that:

1.      On June 12, 1986, Christopher Desmond (the "Defendant") entered a guilty plea to the charge of Escape After Conviction.[1]  On August 11, 1989, he was resentenced to a term of sixty (60) days at Level V.

2.      Defendant did not appeal his sentence and his sentence ended on November 30, 1995.[2]

---

[1] He was originally sentenced in 1986 to sixty (60) days at Level V.

[2] This sentence was consecutive to another sentence that he had been serving.

3. On January 14, 2019, approximately thirty (30) years after his resentencing, Defendant filed a Motion for Postconviction Relief.[3]

4. On January 25, 2019, Defendant filed the instant Motion. Although Defendant has captioned this as a Motion to Recuse, the Court deems his argument to be an extension of his Rule 61 Motion for Postconviction Relief.[4]

5. The law is clear that, pursuant to Delaware Superior Court Criminal Rule 61(a), a petitioner lacks standing to file a Rule 61 motion if he has already served his sentence.[5] Here, Defendant has already served his sentence (60 days) and, although he is serving other sentences, he is no longer in custody for this Escape After Conviction charge.

---

[3] As grounds for relief, Defendant asserted that the Court lacked jurisdiction to enter his plea. Specifically, Defendant contended that he did not escape from a correctional facility because, although he was on Level IV, he was not housed in a Level IV facility and therefore was not in custody. The January 14, 2019 Rule 61 Motion.

[4] In view of the closeness in time that this Motion was filed with Defendant's Rule 61 Motion, the Court will not view it as a second Motion. Although the instant Motion is deemed to be connected to the January 14, 2019 Motion, the Court will issue a separate Order deciding Defendant's January 14, 2019 Rule 61 Motion.

[5] Superior Court Criminal Rule 61(a) states:
   (a) Scope of rule. --
      (1) Nature of proceeding. -- This rule governs the procedure on an application by a person in custody under a sentence of this court seeking to set aside the judgment of conviction or a sentence of death on the ground that the court lacked jurisdiction or on any other ground that is a sufficient factual and legal basis for a collateral attack upon a criminal conviction or a capital sentence. A proceeding under this rule shall be known as a postconviction proceeding.

6. Case law also holds that a Defendant "loses standing to move for postconviction relief under Rule 61 when . . . not in custody for the underlying offense or challenged sentence".[6] This is irrespective of whether the conviction was used to enhance another sentence.[7] Here, in view of the fact that Defendant has completed his sentence for Escape After Conviction, Defendant's Motion for Postconviction Relief is denied.

7. Nevertheless, the Court will briefly discuss the merits of Defendant's claim. However, before considering the specific allegations in Defendant's Motion for Postconviction Relief,[8] the Court must first determine if the motion is procedurally barred in other ways.

8. Here, under Superior Court Criminal Rule 61(i)[9] Defendant's Motion is barred by subsections (i)(1) and (i)(3). Defendant's Motion is untimely because

---

[6] *Short v. State*, 2015 WL 4199849 at * 1, (Del. Jul. 9, 2015) citing *Summers v. State*, 2003 WL 1524104 at * 1 (Del. Mar. 20, 2003).

[7] *Short v. State*, 2015 WL 4199849 at * 1, (Del. Jul. 9, 2015).

[8] *Younger v. State*, 580 A.2d 552, 554 (Del. July 27, 1990). *See also Bailey v. State*, 588 A.2d 1121, 1127 (Del. Apr. 8, 1991), *Ayers v. State*, 802 A.2d 278, 281 (Del. July 18, 2002), *Hamilton v. State*, 2004 WL 1097703, at *2 (Del. May 12, 2004).

[9] Superior Court Criminal Rule 61(i) provides, in pertinent part:
   (i)    Bars to relief. --
          (1) Time limitation. -- A motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.
          (2) Successive motions. --

it was filed more than one year after his conviction became final, it does not assert any "retroactively applicable right that is newly recognized after [his] judgment of conviction became final", was not asserted in the proceeding leading to the judgment of conviction, and he has not shown "[c]ause for relief from [this] procedural default and [p]rejudice..."[10]

---

(i) No second or subsequent motion is permitted under this Rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.

(ii) Under paragraph (2) of subdivision (b) of this Rule, any first motion for relief under this rule and that first motion's amendments shall be deemed to have set forth all grounds for relief available to the movant. That a court of any other sovereign has stayed proceedings in that court for purpose of allowing a movant the opportunity to file a second or subsequent motion under this rule shall not provide a basis to avoid summary dismissal under this rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.

(3) Procedural default. -- Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows

(A) Cause for relief from the procedural default and

(B) Prejudice from violation of the movant's rights.

(4) Former adjudication. -- Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred.

(5) Bars inapplicable. -- The bars to relief in paragraphs (1), (2), (3), and (4) of this subdivision shall not apply either to a claim that the court lacked jurisdiction or to a claim that satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule.

[10] Super. Ct. Crim. R. 61(i)(1), (i)(3), and (i)(5).

9.     Defendant pled guilty to this charge. The law is also clear that a guilty plea waives any alleged errors or defects that may have occurred prior to entry of the plea.[11]

10.    Here, Defendant signed a guilty plea form where he indicated that he was of sound mind, not under the influence of alcohol or drugs, and that he was satisfied with his attorney.

11.    Moreover, he understood that the State's plea offer included a recommendation of not more than sixty (60) days and that he could be sentenced up to seven (7) years in jail if convicted by a trial. The Court sentenced Defendant to the State's recommendation. Defendant received the benefit of the bargain when he accepted the plea offer, and he was sentenced to sixty (60) days at Level V.[12]

12.    In the instant Motion, Defendant asserts that the Third Circuit's holding in *Adams v. Carney* ("*Adams*")[13] announces a new rule of constitutional law that

---

[11] *Cooper v. State*, 2008 WL 2410404, at * 1 (Del. June 16, 2008); See also *Miller v. State*, 840 A.2d 1229, 1232 (Del. Dec. 23, 2003).

[12] *Samans v. State,* 2012 WL 1970109, *1 (Del. June 1, 2012) (citing *Downer v. State*, 543 A.2d 309, 312-13 (Del. June 22, 1988)). *See also Mahan v. State*, 2012 WL 4762027 (Del. Oct. 5, 2012).

[13] There are three *Adams v. Carney* opinions that are relevant to the instant case: *Adams v. Carney*, 2017 WL 6033650 (Del. D. Dec. 6, 2017) (The District Court opinion); *Adams v. Governor of Delaware*, 914 F.3d 827 (3rd Cir. Feb. 13, 2019) (The first Third Circuit opinion – which has been vacated); *Adams v. Governor of Delaware*, 2019 WL 1549857 (3rd Cir. Apr. 10, 2019) (the second Third Circuit opinion). To lessen confusion, this Opinion will refer in the footnotes to the District Court opinion as *Adams #1*, the first Third Circuit opinion as *Adams #2* (vacated), and the second Third Circuit opinion as *Adams #3*. It appears that Defendant and the State cite both *Adams #1*

applies to his case. As such, Defendant must "plea[d] with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to [his] case and renders [his] conviction ... invalid."[14]

13. Defendant, citing *Adams*, asserts that the Court that accepted his plea and the Court reviewing his Rule 61 Motion are not lawfully constituted. Specifically, Defendant appears to contend that the prior Judge and current Judge presiding over his case were unconstitutionally appointed to the Superior Court, that the Attorney General and Deputy Attorney General knew that the appointment of the current Judge is unconstitutional, and that the entire Superior Court Bench should

---

and *Adams* # 2 (vacated) in their briefs but do not cite *Adams* #3 which was issued on April 10, 2019.

*Adams* #1 held that Delaware Constitution Article IV, Section 3 (Delaware's Political Balance Requirement for the appointment of State Judges) violates the First Amendment of the U.S. Constitution and that the plaintiff had standing to challenge the law as it relates to the Family Court, Court of Common Pleas, Superior Court, Supreme Court, and Chancery Court.

*Adams* #2 (vacated) upheld *Adams* #1 in part – affirming that the first three sections of Article IV, Section 3 of the Delaware Constitution violate the First Amendment of the U.S. Constitution and that the plaintiff had standing to challenge the law as it related to the Superior Court, Supreme Court, and Chancery Court– but reversed *Adams* #1's holding that the plaintiff had standing to challenge the law as it related to the Family Court and the Court of Common Pleas.

*Adams* #2 was recently vacated on rehearing by *Adams* #3. However, the holding of *Adams* #3 appears to be identical to the holding of *Adams* #2 except that *Adams* #3 makes the additional conclusion that the unconstitutional major political party requirement of Article IV, Section 3 is not severable from the sections of Article IV, Section 3 relating to the Supreme Court, Superior Court, and Chancery Court.

[14] Delaware Superior Court Civil Rule, 61(d)(2)(ii).

be recused from considering his January 14, 2019 Rule 61 Motion. Defendant seeks vacatur and dismissal of his 1989 conviction.

14.     Defendant cites several U.S. Supreme Court cases that he claims support his contention that the holding in *Adams* invalidates his conviction.[15]

15.     The State asserts that the court in *Adams* "did not find the [Delaware] courts to be unconstitutional" and that its holding "has no effect on the continued qualification and constitutionality of [Superior Court] judges under [Delaware Constitution] Art. IV, §2 [which controls the constitutional qualification of judges for the various courts of the state]."[16]

---

[15] *United States et al. v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33 (1952) (holding that the appointment of the examiner for the Interstate Commerce Commission hearing was defective which could invalidate a resulting order but would not deprive the Commission of power or jurisdiction); *Lucia v. S.E.C*, 138 S.Ct. 2044, (2018) (holding that S.E.C.'s administrative law judges are Officers of the United States and if they are not appointed in compliance with the Appointments Clause of the U.S. Constitution a new hearing before a properly appointed official is the appropriate remedy); *Ryder v. United States*, 515 U.S. 177 (1995) (holding that Appellate military judges are Officers of the United States. The Court of Military Appeals erred in according *de facto* validity to the actions of the civilian judges whose appointments did not conform to the Appointments Clause. This error required a new hearing.); *Nguyen v. United States*, 539 U.S. 69 (2003) (holding that Federal statute does not allow an Article IV territorial judge to sit on the Ninth Circuit appeal panel for Gaum); *Tumey v. Ohio*, 273 U.S. 510 (1927) (reversing and remanding because the judicial officer below had a pecuniary and other interests in convicting the defendant of violating the Ohio Probation Act); *Freytag v. Commissioner of Internal Revenue*, 501 U.S. 868 (1991) (holding that U.S. Tax Court's special trial judges are Officers of the United States whose appointment must conform to the Appointments Clause of the U.S. Constitution).

[16] State's Answer to Defendants Motion to Recuse the Bench, at para. 6.

16.     The State also asserts that the U.S. Supreme Court cases cited by Defendant are factually distinguishable from his case and do not support his argument.[17]

17.     In *State v. Thomas F. Kane and Nathan McNeil ("Kane")*,[18] the Delaware Superior Court examined the holding of *Adams*.[19] In *Kane*, the defendants suggested that *Adams* "stands for the proposition that all sitting Delaware judges of any court, lack constitutional authority to preside over the cases before them."[20] However, the Superior Court, in *Kane*, held that the *Adams*' holding does not "speak to or conclude as to the legitimacy of Delaware judges, nor does [the] court make any finding whatsoever, in relation to Art. IV, § 2."[21] In addition, the Superior Court,

---

[17] The State asserts that *Lucia* considered the appointment of an administrative law judge for the Securities and Exchange Commission, *Ryder* specifically discussed the validity of the composition of the officer-judge panel on the Coast Guard Court of Military Review, and *Nguygen* dealt with an improperly constituted Court of Appeals for the Ninth Circuit. In its Answer, the State does not discuss *L.A. Tucker*, *Freytag*, or *Tumey*.

[18] *State v. Thomas F. Kane and Nathan McNeil*, 2019 WL 1468195 (Del. Super. Mar. 29, 2019).

[19] The Superior Court in *Kane* examined *Adams* #1 and *Adams* #2 (vacated). *Adams* #3 was decided after the *Kane* opinion. However, the Superior Court's reasoning is applicable to *Adams* #3.

[20] *State v. Thomas F. Kane and Nathan McNeil, 2019 WL 1468195*, at *2 (Del. Super. Mar. 29, 2019). The Court in *Kane* stated that it "emphatically disagrees with [the defendants'] interpretation of *Adams*."

[21] *Id.* Although the Superior Court was referring to *Adams* #1 and *Adams* #2 (vacated), the quote also accurately describes the holding of *Adams* #3. Any use of the word "*Adams*" in the instant Opinion collectively refers to the three *Adams* opinions.

in *Kane*, noted that Judge McKee, in his *Adams* concurrence,[22] wrote that "[p]raise for the Delaware judiciary is nearly universal, and it is well deserved. Scholars and academics routinely refer to Delaware's courts as the preeminent forum for litigation..."[23] Accordingly, the Superior Court, in *Kane*, held that the defendants' argument is without merit.

18.    Furthermore, the U.S. Supreme Court cases that Defendant cites do not support his argument that *Adams* requires that his conviction be vacated.[24] In several of those cases, the U.S. Supreme Court held that the appointment of a judicial officer of the United States (subject to the Appointments Clause of the U.S. Constitution) was unconstitutional because the officer was not appointed by the appropriate entity (the President, a Court of Law, or Head of a Department).[25] In the other cases cited

---

[22] *Adams* #2 and *Adams* #3.

[23] Although the Superior Court in *Kane* was quoting from *Adams* #2 (vacated), this quote is also included in the concurrence in *Adams* #3.

[24] The facts of the cases cited by Defendant are distinguishable from the instant case. Most of the cases involve appointments to federal courts or federal administrative proceedings (and not to State courts), three of the cases specifically deal with appointment of Officers of the United States in the context of the Appointments Clause of the United States Constitution (and do not consider the appointment of State judges), one of the cases involve the composition of the Court of Appeals in the territory of Guam as required by Federal statute, and the only case that involves a State appointed judicial officer held that the judgment below must be reversed because the judicial officer below had a pecuniary interest in the conviction of the defendant (which has not been alleged in the instant case).

[25] *Lucia v. S.E.C*, 138 S.Ct. 2044, (2018) (Security and Exchange Commission's administrative law judges are "Officers of the United States" subject to the Appointments Clause of the U.S. Constitution. The Court ruled that the party "who made a timely challenge to the constitutional validity of an officer who adjudicated his case" is entitled to relief – "a hearing before a properly appointed official"); *Freytag v. Commissioner of Internal Revenue*, 501 U.S. 868 (1991) (Special

9

by Defendant, the U.S Supreme Court held that a particular judicial officer was not authorized by law to preside over a particular case below.[26] Conversely, *Adams* does not suggest that the act of appointment of Delaware judges by the Delaware Governor is unconstitutional, that Delaware judges are not authorized by law to preside over Delaware cases, or that any particular sitting judge on a particular bench should be disqualified, removed, or recused. Instead, *Adams* merely addresses the constitutionality of the composition of the pool of applicants to be considered for a Delaware judicial position.

19. To the extent that Defendant is claiming that the *Adams* holding creates a new rule of constitutional law, his Motion fails because *Adams* has not been made retroactive to cases on collateral review by the United States Supreme Court or the

---

trial judges of the United States Tax Court are "Officers of the United States" subject to the Appointments Clause of the U.S. Constitution.); *Ryder v. United States*, 515 U.S. 177 (1995) (Appellate military judges are Officers of the United States. The Court of Military Appeals erred in according de facto validity to the actions of the civilian judges whose appointments did not conform to the Appointments Clause.).

[26] *Nguyen v. United States*, 539 U.S. 69 (2003) (holding that statutory provisions did not allow an Article IV territorial-court judge to sit on the Ninth Circuit panel that heard the petitioners' appeal. The panel's decision was vacated and remanded); *Tumey v. Ohio*, 273 U.S. 510 (1927) (reversing and remanding because the judicial officer below had a pecuniary and other interests in convicting the defendant of violating the Ohio Probation Act); *United States et al. v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33 (1952) (holding that "the defect in the examiner's appointment was an irregularity which would invalidate a resulting order if the [Interstate Commerce] Commission had overruled an appropriate objection made during the hearings. *But it is not one which deprives the Commission of power or jurisdiction*, so that even in the absence of timely objection its order should be set aside as a nullity.") (emphasis added).

Delaware Supreme Court as required by Rule 61 (d)(2)(ii).[27] Furthermore, the Third Circuit in *Adams* does not state that its holding should be made retroactive and Defendant has not plead with particularity or presented any supporting evidence that the holding in *Adams* is retroactive. Indeed, the Delaware Supreme Court has "adopt[ed] a general rule of non-retroactivity for cases on collateral review [and] [a] postconviction relief court need only apply the constitutional standards that prevailed at the time the original proceedings took place."[28]

20. Finally, even if Defendant's Motion were reviewed as a Motion for Recusal (instead of a Rule 61 Motion), it would be denied. When considering recusal, the Court undertakes a two-step analysis: (1) whether, as a subjective belief, the judge is satisfied that he or she could proceed to hear the case free of bias or

---

[27] Delaware Superior Court Civil Rule 61(d)(2)(ii) states in pertinent part:

> A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion …
> (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.

[28] *Richardson v. State*, 3 A.3d 233, 238 (July 9, 2010):

> This general rule is subject to two exceptions: first, "a new rule should be applied retroactively if it places 'certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe;'" second, "a rule may apply retroactively if it 'requires the observance of those procedures that are implicit in the concept of ordered liberty.'

Defendant has not argued that either of these exceptions apply.

11

prejudice concerning a party; and (2) whether there is an objective appearance of personal bias sufficient to cast doubt on the judge's impartiality.[29] The Delaware Superior Court has held that "a judge's bias must be demonstrated by a defendant."[30] Here, Defendant does not make any allegations of personal bias on the part of his 1989 judge or the current judge, does not explain how Defendant is prejudiced, and does not contend that there is an objective appearance of personal bias. Moreover, the Court is satisfied that it has presided and will continue to preside over Defendant's case free of bias or prejudice concerning Defendant and that there has been no objective appearance of personal bias sufficient to cast doubt on judicial impartiality.

Accordingly, in view of the fact that Defendant's Motion for Recusal is deemed to be a part of his January 14, 2019 Rule 61 Motion, he has already served his sentence, his conviction was the result of a plea, he has not shown that the *Adams* holdings are retroactive, and has not shown judicial bias or animosity, Defendant's Motion to Recuse the Court (and vacate his conviction) is **SUMMARILY DISMISSED**.

**IT IS SO ORDERED.**

---

[29] *State v. Phillips*, 2003 WL 21517888, at *3 (Del. Super. July 3, 2003); *State v. Thomas F. Kane and Nathan McNeil*, 2019 WL 1468195, at *2 (Del. Super. Mar. 29, 2019).

[30] *State v. Thomas F. Kane and Nathan McNeil*, 2019 WL 1468195, at *2 (Del. Super. Mar. 29, 2019).

prejudice concerning a party; and (2) whether there is an objective appearance of personal bias sufficient to cast doubt on the judge's impartiality.[29] The Delaware Superior Court has held that "a judge's bias must be demonstrated by a defendant."[30] Here, Defendant does not make any allegations of personal bias on the part of his 1989 judge or the current judge, does not explain how Defendant is prejudiced, and does not contend that there is an objective appearance of personal bias. Moreover, the Court is satisfied that it has presided and will continue to preside over Defendant's case free of bias or prejudice concerning Defendant and that there has been no objective appearance of personal bias sufficient to cast doubt on judicial impartiality.

Accordingly, in view of the fact that Defendant's Motion for Recusal is deemed to be a part of his January 14, 2019 Rule 61 Motion, he has already served his sentence, his conviction was the result of a plea, he has not shown that the *Adams* holdings are retroactive, and has not shown judicial bias or animosity, Defendant's Motion to Recuse the Court (and vacate his conviction) is **SUMMARILY DISMISSED.**

---

[29] *State v. Phillips*, 2003 WL 21517888, at *3 (Del. Super. July 3, 2003); *State v. Thomas F. Kane and Nathan McNeil*, 2019 WL 1468195, at *2 (Del. Super. Mar. 29, 2019).

[30] *State v. Thomas F. Kane and Nathan McNeil*, 2019 WL 1468195, at *2 (Del. Super. Mar. 29, 2019).

**IT IS SO ORDERED.**

                                             Diane Clarke Streett, Judge

Original to Prothonotary

cc:    Jenna R. Milecki, Esquire, Deputy Attorney General
       Christopher Desmond, *Pro Se* Defendant
       ISO