Cleveland RICHARDSON, Defendant
Below–Appellant,

v.

STATE of Delaware, Plaintiff
Below–Appellee.

No. 86, 2009.

Supreme Court of Delaware.

Submitted: April 28, 2010.
Decided: July 9, 2010.
Corrected: July 12, 2010.

Jennifer–Kate Aaronson, Esquire, (argued) of Aaronson & Collins, LLC, Wilmington, Delaware, for the Appellant.

Paul R. Wallace, Esquire, (argued) Gregory E. Smith, Esquire and Danielle J. Brennan, Esquire, of the Department of Justice, Wilmington, Delaware, for the Appellee.

Before STEELE, Chief Justice, HOLLAND, JACOBS, RIDGELY, Justices, and KUHN, Chief Judge,[1] constituting the Court en Banc.

RIDGELY, Justice:

Defendant-appellant Cleveland Richardson appeals from the Superior Court's denial of his motion for postconviction relief from his convictions of attempted murder first degree, robbery first degree, burglary first degree, conspiracy second degree and four counts of possession of a firearm during the commission of a felony. He argues that he is entitled to a new trial because the trial court refused to instruct the jury pursuant to 11 *Del. C.* § 274 as required by *Allen v. State.*[2] He also contends the trial court abused its discretion in denying postconviction relief based upon ineffective assistance of counsel. Because we hold that *Allen* is not retroactively applicable and that Richardson has not established that review of his motion for postconviction relief is warranted in the interest of justice, his first argument is procedurally barred by Superior Court Rule 61(i)(4). Furthermore, Richardson has not demonstrated that he was prejudiced by his trial counsel's representation. Accordingly, we find no merit to his appeal and affirm.

### Facts and Procedural History

In the early morning of November 10, 2005, Richardson and Steven Norwood broke into the garage of Thomas Morganstern's home near Elsmere, Delaware. In the garage, Richardson found keys which Richardson and Norwood used to unlock the door to the kitchen and enter Morganstern's home. Inside the home, Norwood and Richardson stole Morganstern's checkbook from a desk in the kitchen. Richardson then went upstairs.

Morganstern awoke to someone opening his bedroom door and immediately retreating. Morganstern grabbed a loaded handgun from his nightstand and gave chase to

---

1. Sitting by designation pursuant to Del. Const. art. IV § 12 and Supr. Ct. R. 2 & 4.

2. 970 A.2d 203 (Del.2009).

the intruder. Richardson fled downstairs and joined Norwood in the dining room. Norwood and Morganstern exchanged gunfire. Both Richardson and Norwood were injured as a result. They fled the home, as Morganstern returned to his bedroom to call 911 and to get another weapon.

When the police arrived, the officers and a K–9 unit began to track the suspects. Each suspect bled significantly as a result of his respective injuries, leaving blood trails from the dining room. Also in the dining room, the police found Morganstern's checkbook and a flashlight with Richardson's blood on it. Following the blood trails, the police located Richardson who was bleeding and unresponsive. They did not locate any weapons on his person or nearby. In Richardson's pants, the police located two sets of keys—one set from Morganstern's kitchen and the other from the car in the garage. On an adjacent property, the police located Norwood, who had died from the bullet wounds. Near his corpse, the police located a .22 caliber weapon that had been fired twice. A preliminary gunshot residue test was positive for gunshot residue on Norwood's hand.

At Richardson's trial, the jury was instructed on the state of mind required for guilt as follows:

> If the only element of robbery first degree about which you have reasonable doubt is whether it was reasonably foreseeable that Norwood would display a deadly weapon during the robbery, then you should find defendant guilty of the lesser included offense of robbery second degree.
>
> * * *

In order to find defendant guilty of possession of a firearm during the commission of a felony, you must find that all the following elements have been established:

* * *

> And three, defendant acted knowingly. Defendant acted knowingly if he was aware that he was committing a burglary with Steven Norwood and it was reasonably foreseeable that Norwood possessed a firearm or that Norwood, defendant, or both of them would possess a firearm during the felony.

The jury convicted Richardson of attempted murder first degree, robbery first degree, burglary first degree, conspiracy second degree, and four counts of possession of a firearm during the commission of a felony. Richardson was declared a habitual criminal, and was sentenced to imprisonment for life plus 142 years. On direct appeal, this Court affirmed.[3]

Within one year of the conviction becoming final, Richardson filed his first motion for postconviction relief raising a claim of ineffective assistance of counsel. The Superior Court denied Richardson's first motion for postconviction relief on January 28, 2009.[4] This appeal followed. Before Richardson filed his Opening Brief, this Court issued its Opinion in *Allen v. State.*[5] Without opposition from the State, this Court granted Richardson's Motion to Remand to allow the presentation of the question whether *Allen* required reversal of Richardson's convictions. The Superior Court determined that Richardson was not entitled to postconviction relief and the matter was returned to this Court.

**3.** *Richardson v. State,* 2007 WL 2111092 (Del. July 24, 2007).

**4.** *State v. Richardson,* 2009 WL 406796 (Del.Super. Jan. 28, 2009).

**5.** 970 A.2d 203.

## Discussion

■ Richardson argues that he is entitled to a new trial because the trial court's instruction required, as a matter of law, an accompanying Section 274 instruction.[6] On Richardson's direct appeal, this Court held that "[f]irst degree robbery, second degree robbery, and attempted murder all require intentional conduct. Because the underlying offenses . . . all require the same *mens rea*, the requested instruction was properly denied."[7] In *Allen*, this Court held that for offenses divided into degrees the jury must make an "individualized determination of the defendant's mental state and culpability for any aggravating factor or circumstances."[8] Richardson argues that *Allen* "articulated a new substantive" rule on Section 274's applicability and must, therefore, be applied retroactively. The State responds that Richardson is barred by Rule 61(i)(4) from bringing this claim, that *Allen* is not retroactively applicable, and, that even if retroactively applied, the jury instruction given complied with *Allen.*

■ We review the Superior Court's denial of a motion for post-conviction relief for abuse of discretion.[9] We review the Superior Court's refusal to give a requested jury instruction on any defense theory *de novo.*[10] We review questions of law *de novo.*[11]

## Procedural Bars

Before considering a motion for postconviction relief on the merits, the application of any procedural bar under Rule 61(i) must be addressed. The Superior Court applied the procedural bar of Delaware Superior Court Criminal Rule 61(i)(4), which prohibits a defendant from re-arguing a claim that has been previously adjudicated unless reconsideration of the claim is warranted in the interest of justice.[12] In his direct appeal to this Court, Richardson argued that the trial court erred in not providing a § 274 instruction. Accordingly, his motion for postconviction relief on the same grounds is otherwise procedurally barred by Rule 61 unless review is warranted in the interest of justice. Rule 61(i)(4)'s "interest of justice" provision has been narrowly construed to require the defendant to show a new fact, or that the court lacked authority to convict or punish him.[13] Determination of whether Richardson has satisfied the interest of justice

6. 11 *Del. C.* § 274 provides: "When, pursuant to [the accomplice liability statute], 2 or more persons are criminally liable for an offense which is divided into degrees, each person is guilty of an offense of such degree as is compatible with that person's own culpable mental state and with that person's own accountability for an aggravating fact or circumstance."

7. *Richardson v. State,* 2007 WL 2111092, at *2.

8. *Allen,* 970 A.2d at 213.

9. *Gattis v. State,* 955 A.2d 1276, 1280–81 (Del. 2008).

10. *Allen,* 970 A.2d at 210; *Wright v. State,* 953 A.2d 144, 148 (Del.2008); *Bentley v. State,*

930 A.2d 866, 875 (Del.2007); *Lunnon v. State,* 710 A.2d 197, 199 (Del.1998).

11. *E.I. DuPont de Nemours & Co., Inc. v. Shell Oil Co.,* 498 A.2d 1108, 1113 (Del.1985); *Gattis,* 955 A.2d at 1280–81.

12. Super. Ct.Crim. R. 61(i)(4) provides: "Former adjudication—Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice."

13. *State v. Wright,* 653 A.2d 288, 298 (Del.Super.1994) (citing *Flamer v. State,* 585 A.2d 736, 745–46 (Del.1990)).

provision depends upon whether *Allen* is to be applied retroactively. If it is not, then Richardson has not set forth any new facts, or established any lack of authority by the Superior Court to convict or punish him, that warrant reconsideration of his claim in the interest of justice.

### *Allen is not retroactively applicable*

■ Citing the United States Supreme Court's holding in *Teague v. Lane*,[14] this Court has "adopt[ed] a general rule of non-retroactivity for cases on collateral review. A postconviction relief court need only apply the constitutional standards that prevailed at the time the original proceedings took place."[15] This general rule is subject to two exceptions: first, "a new rule should be applied retroactively if it places 'certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe;'"[16] second, "a rule may apply retroactively if it 'requires the observance of those procedures that are implicit in the concept of ordered liberty.'"[17]

■ As to the first *Teague* exception, in determining whether a "new rule" has been implemented this Court has explained that "[a] case announces a 'new rule' when it breaks new ground or imposes a new obligation on the states or federal government or if the result was not dictated by precedent existing at the time a defendant's conviction became final."[18] "The general rule of non-retroactivity applies only to new rules and not to cases announcing rules which are merely an application of the principle that governs a prior case decided before a defendant's trial took place."[19]

In *Younger v. State*, this Court addressed what constitutes a new rule as opposed to a clarification:

Younger's first contention on appeal is that there was insufficient evidence of restraint for the third kidnapping conviction which arose out of the attempted rape. He relies on the case of *Weber v. State*,[20] to support his contention. The *Weber* case was not decided until after Younger's direct appeal and his first three motions for postconviction relief. However, the *Weber* case is merely a clarification of the case of *Burton v. State*.[21] Since the *Weber* case applies principles which governed the earlier

---

14. 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).

15. *Flamer*, 585 A.2d at 749 ("A postconviction relief court need apply only the constitutional standards that prevailed at the time the original proceedings took place. The application of a constitutional rule not in existence at the time a conviction became final seriously undermines the principal of finality which is essential to the operation of our criminal justice system. Without finality, the criminal law is deprived of much of its deterrent effect. Therefore, we hold that new constitutional rules of criminal procedure will *not* be applicable to those cases which have become final before the new rules are announced, unless the rule falls within one of two exceptions.... Under the first exception, a new rule should be applied retroactively if it places certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to prescribe.... Under the second exception, a rule may apply retroactively if it requires the observance of those procedures that are implicit in the concept of ordered liberty." (Emphasis in original)).

16. *Id.* (quoting *Teague*, 489 U.S. at 311, 109 S.Ct. 1060 (1989)).

17. *Id.* (quoting *Teague*, 489 U.S. at 313, 109 S.Ct. 1060).

18. *Id.*

19. *Id.*

20. 547 A.2d 948 (1988).

21. 426 A.2d 829 (1981).

Burton decision, a case decided before Younger's trial took place, we hold that it is not a "new rule." Therefore, it is unnecessary to reach the retroactivity test for cases on collateral review.[22]

In *Allen,* the appellant argued that, under our holding in *Johnson v. State,*[23] "the jury is required to make an individualized determination regarding *both* his mental state *and* his culpability for any aggravating fact or circumstance." [24] This Court agreed, holding:

> Accordingly, Sections 271 and 274 require the jury to undertake a two-part analysis when the State proceeds on a theory of accomplice liability.

> First, the jury must decide whether the State has established that the defendant was an accomplice to a criminal offense committed by another person . . .

> Second, if a defendant is found liable for a criminal offense under a theory of accomplice liability, and if that offense is divided into degrees, then the jury must determine what degree of the offense the defendant committed. That conclusion must be based on an individualized determination of the defendant's mental state and culpability for any aggravating factor or circumstances.[25]

Given this Court's reliance upon our earlier decision in *Johnson v. State, Allen* was not a "new rule" as defined by *Younger.* Accordingly, *Allen* is not retroactive under the first exception.

■ To qualify as watershed under the second exception, a rule must meet two requirements. First, the rule "must be necessary to prevent 'an impermissibly large risk' of an inaccurate conviction." [26] Second, the "rule must 'alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding.' " [27] In *Whorton v. Bockting,*[28] the United States Supreme Court held that its Confrontation Clause decision in *Crawford v. Washington* [29] was not a "watershed rule" warranting retroactive application, despite having overruled *Ohio v. Roberts.*[30] Further, the United States Supreme Court has only retroactively applied one decision—*Gideon v. Wainwright.*[31] *Allen* affirmed this Court's holding in *Johnson* regarding whether a trial court must provide a § 274 instruction. The retroactive application of *Allen* is not necessary to prevent an impermissibly large risk of inaccurate conviction, nor is *Allen* of the same bed-rock altering nature as *Gideon's* deprivation of counsel. Accordingly, *Allen* is not retroactively applicable under the second exception.

An alternate standard for retroactive application during collateral review, provided by *Davis v. United States,*[32] was applied

---

**22.** *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).

**23.** 711 A.2d 18 (Del.1998).

**24.** 970 A.2d at 213.

**25.** *Allen,* 970 A.2d at 213.

**26.** *Whorton v. Bockting,* 549 U.S. 406, 418, 127 S.Ct. 1173, 167 L.Ed.2d 1 (2007) (quoting *Schriro v. Summerlin,* 542 U.S. 348, 356, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004)).

**27.** *Id.*

**28.** 549 U.S. 406, 127 S.Ct. 1173.

**29.** 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004).

**30.** 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 (1980).

**31.** 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

**32.** 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974).

by this Court in *Chao v. State*.[33] Under this standard, new substantive decisions will be given retroactive effect where a defendant has been convicted for acts that are not criminal. We agree with the Superior Court that *Davis* is readily distinguishable because the crimes for which Richardson was convicted were unchanged by *Allen*. Moreover, since the rationale of this Court was based upon *Johnson v. State*, the decision was not a "new substantive decision" within the meaning of *Chao*.

To summarize, since *Allen v. State* does not constitute a "new rule" and is not "implicit in the concept of ordered liberty," *Allen* does not apply retroactively. Richardson has not shown any new fact or that the trial court lacked authority to convict or punish him. Therefore, the "interest of justice" provision of Rule 61(i)(4) does not apply and Richardson's motion for postconviction relief based upon *Allen v. State* is procedurally barred.

### Ineffective Assistance of Counsel

■ Richardson next contends the Superior Court abused its discretion in denying his claim of ineffective assistance of counsel where he was never presented a plea offer. A finding of abuse of discretion will result if the Superior Court has "exceeded the bounds of reason in view of the circumstances, [or] . . . so ignored recognized rules of law or practice so as to produce injustice."[34] However, to the extent that Richardson alleges violations of his constitution rights, he raises questions of law, which we review *de novo*.[35]

■ It is well-established that in order to prevail on a claim of ineffective assistance of counsel, a defendant must satisfy the two-part test set out in *Strickland v. Washington*:[36] (1) that "counsel's representation fell below an objective standard of reasonableness"; and (2) if counsel was deficient, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[37]

■ As to the first prong of the test, there is a "strong presumption that the representation was professionally reasonable."[38] Regarding the second prong, the burden is on the defendant to make concrete and substantiated allegations of prejudice.[39] Prejudice in this context is defined as "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" and the "failure to state with particularity the nature of the prejudice experienced is fatal to a claim of ineffective assistance of counsel."[40] "In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies."[41] "If it is easier to dispose of

---

**33.** 931 A.2d 1000 (Del.2007).

**34.** *Edwards v. State*, 925 A.2d 1281, 1284 (Del.2007) (citing *McGriff v. State*, 781 A.2d 534, 537 (Del.2001)); *Baumann v. State*, 891 A.2d 146, 148 (Del.2005).

**35.** *Outten v. State*, 720 A.2d 547, 551 (Del. 1998); *Dawson v. State*, 673 A.2d 1186, 1190 (Del.1996).

**36.** 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

**37.** *Id.*

**38.** *Dawson*, 673 A.2d at 1196 (citing *Flamer*, 585 A.2d at 753–754).

**39.** *Id.* (citing *Wright v. State*, 671 A.2d 1353, 1356 (Del.1996)).

**40.** *Id.* (citing *Flamer*, 585 A.2d at 753).

**41.** *Strickland*, 466 U.S. at 697, 104 S.Ct. 2052.

an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."[42]

 "An attorney has an obligation to fully communicate to his or her client the terms and conditions of proffered plea bargains in criminal cases."[43] Further, "[a] criminal defendant has authority over certain 'fundamental decisions regarding the case, as to whether to plead guilty....' "[44] The United States Supreme Court has held that when a counsel's deficiency induces a defendant to accept a guilty plea and waive his right to trial, the defendant has been prejudiced under *Strickland*.[45] The United States Supreme Court has not, however, held the opposite. Rather, a "plea bargain standing alone is without constitutional significance."[46]

Here, the Superior Court held that Richardson failed to prove prejudice. "Defendant does not claim that he would have accepted a plea offer, much less the actual offer, had he known about it. More important, it does not appear that the plea Defendant refers to was ever in the offering."[47] On the record before us, the Superior Court did not abuse its discretion by denying postconviction relief.

### Conclusion

The judgment of the Superior Court is **AFFIRMED**.

---

**42.** *Id.*

**43.** *MacDonald v. State*, 778 A.2d 1064, 1071 (Del.2001).

**44.** *In re Petition of State for Writ of Mandamus*, 918 A.2d 1151, 1154 (Del.2007) (quoting *Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983)).

**45.** *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

**46.** *Mabry v. Johnson*, 467 U.S. 504, 507, 104 S.Ct. 2543, 81 L.Ed.2d 437 (1984).

**47.** *State v. Richardson*, 2009 WL 406796, at *2.