# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 0408022175 |
| | ) | |
| | ) | |
| PAUL WEBER, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: July 1, 2019
Decided: July 29, 2019

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT:

## DEFENDANT'S (SECOND) MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED

## DEFENDANT'S MOTION FOR EVIDENTIARY HEARING SHOULD BE DENIED

## DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL SHOULD BE DENIED

## DEFENDANT'S MOTION FOR EXPANSION OF THE RECORD SHOULD BE DENIED

Andrew J. Vella, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

Paul Weber, *pro se*, James T. Vaughn Correctional Center, Smyrna, Delaware.

**MAYER**, Commissioner

This 29th day of July, 2019, upon consideration of Defendant's (Second) Motion for Postconviction Relief, and related pleadings, and the record in this matter, the following is my Report and Recommendation:

## BACKGROUND, FACTS AND PROCEDURAL HISTORY

Paul E. Weber ("Defendant") was charged with Attempted Carjacking First Degree and Attempted Robbery First Degree for an incident that occurred on August 18, 2004. It was alleged that Defendant approached Frederick Naspo at a gas station, and attempted to wrestle away Naspo's car keys to steal his car.[1] In March of 2005, following a jury trial, Defendant was convicted of both charges.

On appeal, the Delaware Supreme Court affirmed the conviction for Attempted Carjacking First Degree but reversed the conviction of Attempted Robbery First Degree, and remanded the matter for a new trial to allow an instruction on the lesser included offense of Offensive Touching. In April of 2010, a jury once again convicted Defendant of Attempted Robbery First Degree.

Defendant's conviction was subsequently affirmed by the Delaware Supreme Court.[2] In doing so, the Delaware Supreme Court rejected Defendant's argument

---

[1] *See Weber v. State*, 971 A.2d 135, 140 (Del. 2009) ("*Weber I*").

[2] *See Weber v. State*, 38 A.3d 271 (Del. 2012) ("*Weber II*"). A Petition for a Writ of Certiorari was denied by the United States Supreme Court. *Weber v. Delaware*, 568 U.S. 865 (2012).

1

that the State failed to prove attempt, and that Defendant was entitled to an instruction for the defense of renunciation.[3]

On August 22, 2017, the undersigned issued a Report and Recommendation (the "Report") that Defendant's first Motion for Postconviction Relief (the "First Motion") should be denied.[4] One of the issues presented by way of the First Motion was an argument that trial counsel was ineffective for not pursuing a renunciation defense and instruction. The Report found this argument had no merit because the evidence sufficiently demonstrated that Defendant had engaged in a substantial step planned to culminate in the commission of the crime but the victim resisted.[5] Since the charges at issue were Attempted First Degree Robbery and Attempted First Degree Carjacking, the jury could find that the offenses were completed before Defendant made efforts to voluntarily renounce his acts.[6] Therefore, trial counsel was not ineffective for focusing on other defenses.

---

[3] The Delaware Supreme Court summarized this issue as "whether there was sufficient evidence to support the conviction." *Weber v. State*, 38 A.3d at 278. *See also*, Defendant's Argument VI in Defendant's Amended Opening Brief (pp. 30-32) (arguing the affirmative defense of renunciation supported reversal of the conviction).

[4] *See State v. Weber*, 2017 WL 3638209 (Del. Super. Aug. 22, 2017) (hereinafter "*Weber III*"), *adopted* March 6, 2018, *aff'd* 2018 WL 5993473 (Del. Nov. 13, 2018).

[5] *Id.* at *5-6.

[6] *Id.*

2

Despite the Defendant's copious challenges to his conviction and sentence, and the decisions authored by the State and Federal courts, affirming his conviction and denying relief, Defendant remains undaunted and has once again moved for postconviction relief.[7]   Defendant now presents his (Second) Motion for Postconviction Relief, Memorandum of Law, and Supplemental Motion for Postconviction Relief.[8]  Defendant argues the United States Supreme Court recently established a new rule of constitutional law, that when applied retroactively to his case, renders his conviction invalid.  Put simply, Defendant's singular basis for relief is that his constitutional rights were violated by trial counsel's failure to abide by his decision to present a renunciation defense.

---

[7]   While this matter was pending, the Delaware Supreme Court, applying Rule 61 in part, denied an appeal.  *See Weber v. State*, No. 486, 2018 (Del. July 19, 2019).

[8]   D.I. # 308, *et. seq.*  Defendant also submitted letters and a copy of a decision from the Third Circuit Court of Appeals.  *See e.g.* D.I. # 325.  According to Defendant, this order "declined to find the United States Court decision in *McCoy v. Louisiana* was not retroactive under the confines of my case and allowed the matter to be heard by the District Court."  Defendant filed a petition to file a second or successive petition for habeas corpus.  The order denied the petition as unnecessary because his multiple petitions were still pending before the District Court and remained undecided on the merits.  Therefore, without more, this order does not support Defendant's argument.

## LEGAL ISSUES PRESENTED

The Court must first determine whether there are any procedural bars to the motion before considering the merits of the claims.[9] Defendant's conviction became final for purposes of Superior Court Criminal Rule 61 on October 1, 2012.[10] Defendant's Second Motion, having been filed on April 16, 2019, is untimely.[11]

The remaining procedural bars are applicable as well. The First Motion is deemed to have set forth all grounds for relief available to the movant, and Defendant's Second Motion is barred unless the motion satisfies certain pleading requirements.[12] Defendant did not argue the unconstitutionality of trial counsel's failure to present a renunciation defense during the original trial proceedings, and therefore, this claim was waived.[13] And, because Defendant did later raise the issue,

---

[9] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[10] *See* Super. Ct. Crim. R. 61(m)(3).

[11] *See* Super. Ct. Crim. R. 61(i)(1) (imposing requirement for motion for postconviction relief to be filed within one year after the judgment of conviction is final). Defendant is not relying on the exception to the time bar for a newly recognized "right." However, the analysis herein would be equally applicable. *See Bailey v. State*, 588 A.2d 1121, 1127-1128 (Del. 1991) (applying same principles to the analysis of a retroactive "right" under Rule 61(i)(1)), citing *Flamer v. State*, 585 A.2d 736, 749 (Del. 1990); *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).

[12] *See* Super. Ct. Crim. R. 61(i)(2). *See infra* fn. 16.

[13] Super. Ct. Crim. R. 61(i)(3). Notably, Defendant did cite to *Cooke v. State*, 977 A.2d 803 (Del. 2009) during his appeal in *Weber II* for slightly different reasons.

4

in other ways, on appeal and through the First Motion, although re-couching it differently here, it is barred as formerly adjudicated.[14]

"If it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief, the judge may enter an order for its summary dismissal and cause the movant to be notified."[15] Defendant's Second Motion is procedurally barred and therefore, it is hereby recommended that the Court summarily dismiss the Second Motion.

Defendant, relying on Superior Court Criminal Rule 61(d)(2)(ii),[16] attempts to evade the procedural bars by arguing *McCoy v. Louisiana*, 138 S. Ct. 1500 (2018)

---

[14] Super. Ct. Crim. R. 61(i)(4). *See e.g.* D.I. # 36 (Defendant's Motion to Preclude Imposition of Sentence pursuant to 11 Del. C. §531 arguing Defendant voluntarily walked away prior to any attempt or consummation of an offense); D.I. # 63 at p. 10 (relying on *State v. Cabrera*, 891 A.2d 1066 (Del. Super. 2005) for the premise that it is defendant's absolute right to present his defense); D.I. # 199 (Defendant's *pro se* submission repeating that he "walked away"); Defendant's First Motion (arguing there was "some evidence" to support renunciation and Defendant's right to assert an affirmative defense constitutes a fundamental element of due process); Defendant/Appellant's Amended Opening Brief on appeal, Case No. 23, 2011 (Argument VI premised on belief that the defenses of legal impossibility and renunciation precluded Defendant's conviction); *Weber II* at Docket No. 52, Order Denying Motion for Reargument based on insufficient evidence.

[15] Super. Ct. Crim. R. 61(d)(5).

[16] A second or subsequent motion will not be summarily dismissed if the motion "pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid."

5

(hereinafter "*McCoy*"), created a new rule of constitutional law rendering his conviction presumptively invalid.[17] According to Defendant's interpretation, he need not make a showing that there is a likelihood that he would have prevailed on a renunciation defense, but rather, his constitutional rights were violated because trial counsel disobeyed his direction to assert the defense.

The United States Supreme Court elected to consider the issues presented by Robert McCoy because there was a division of opinion among state courts of last resort.[18] One of the opinions considered was the Delaware Supreme Court's decision in *Cooke v. State*, 977 A.2d 803, 842-846 (Del. 2009) (hereinafter "*Cooke*"). The holding in *McCoy* was consistent with the Delaware Supreme Court's decision in *Cooke*. Specifically, *McCoy* held:

> The Sixth Amendment guarantees a defendant the right to choose the objective of his defense and to insist that his counsel refrain from admitting guilt, even when counsel's experienced-based view is that confessing guilt offers the defendant the best chance to avoid the death penalty.[19]

---

[17] All of the cases cited by Defendant pre-date (significantly) his conviction. Therefore, this decision will focus on whether *McCoy* created a new rule of constitutional dimensions made retroactive to his case.

[18] *McCoy*, 138 S.Ct. at 1507.

[19] *McCoy*, 138 S.Ct. at 1503 (synopsis).

6

*Cooke* likewise held that trial counsel's pursuit of a guilty but mentally ill verdict, over his client's desire to present an innocence defense, violated the defendant's "constitutional right to make the fundamental decisions regarding his case."[20] The conclusion reached in both decisions is that a lawyer may not concede a client's guilt if a client expressly asserts that his objective is to maintain his innocence.[21]

Defendant has two hurdles he must clear before his Second Motion may be considered on the merits. First, he must base his relief on a new rule of constitutional law that is retroactively applied. Second, he must demonstrate this law is applicable to his case. Defendant has not succeeded.

Delaware has adopted a general rule of non-retroactivity for cases on collateral review, with two exceptions:[22]

> first, "a new rule should be applied retroactively if it places 'certain kinds of primary, private individual conduct beyond the power of the criminal lawmaking authority to proscribe;'" second, "a rule may apply retroactively if it

---

[20] *Id.* at 1507, quoting *Cooke*, 977 A.2d at 842-846.

[21] *See McCoy*, 138 S.Ct. at 1509.

[22] *Richardson v. State*, 3 A.3d 233, 238 (Del. 2010), quoting *Teague v. Lane*, 489 U.S. 288 (1989) (hereinafter *"Teague"*); *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991), citing *Flamer v. State*, 585 A.2d 736 (Del. 1990); *Younger v. State*, 580 A.2d 552 (Del. 1990).

7

'requires the observance of those procedures that are implicit in the concept of ordered liberty."[23]

Under the first exception, a decision does not introduce a new retroactive rule if the result was dictated by precedent existing at the time a defendant's conviction became final or if it merely applies a principle that governed prior to the defendant's trial taking place.[24] Here, *McCoy* did not create a new rule in Delaware because it clarified and affirmed *Cooke,* decided in 2009. Defendant had the opportunity to rely on *Cooke* during the trial proceedings. Defendant's second trial began in April of 2010, almost a year after *Cooke* was decided. Defendant waived the right to present this claim by neglecting to present the argument through his myriad of trial and post-conviction proceedings.[25] Trial counsel's failure to recognize the possible applicability of *Cooke* and the claim, does not constitute cause for the procedural default.[26]

---

[23] *Richardson*, 3 A.3d at 238, citing *Flamer*, 585 A.2d at 749 (quoting *Teague*, 489 U.S. at 311, 313).

[24] *Id; Bailey*, 588 A.2d at 1127-1128 (applying same principles to the analysis of a retroactive "right" under Rule 61(i)(1)), citing *Flamer*, 585 A.2d at 749; *Younger* 580 A.2d at 554.

[25] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990) (barring argument based on "new rule" of law when case was decided well in advance of defendant's trial and because the issue was not previously raised, it was deemed waived).

[26] *Flamer v. State*, 585 A.2d 736 (Del. 1990) (finding defendant failed to show cause for relief from the procedural bar and actual prejudice as a result).

The second exception is even more limited. As further explained in *Teague*, not every criminal trial is necessarily unfair because it was not conducted in accordance with the requirements of the Sixth Amendment.[27] The court must find that without the new procedures created by the rule, the likelihood of an accurate conviction is seriously diminished.[28] The application of this exception is very rare.[29]

However, even if given retroactive recognition, Defendant's case is distinguishable from *McCoy* and *Cooke* for several reasons. Defendant's reading of *McCoy*, and therefore presumably *Cooke*, seeks to impermissibly broaden the scope of the rule enunciated in these decisions to give complete autonomy to a defendant with respect to any defense or decision making. Both cases though were limited to the situation whereby trial counsel conceded guilt over a defendant's desire to maintain innocence. Defendant's trial counsel did not concede guilt, but rather pursued the client's objective – to maintain innocence and/or argue no crime occurred.

---

[27] *Teague*, 489 U.S. at 314-315.

[28] *Teague*, 489 U.S. at 313.

[29] *See Richardson*, 3 A.3d at 239, quoting *Whorton v. Bockting*, 549 U.S. 406, 418 (2007) (recognizing only one United States Supreme Court decision applying decision retroactively) (internal citations omitted).

9

In addition, although Defendant now argues that trial counsel did not adequately present one of his numerous defenses,[30] trial counsel was free to make decisions regarding the basic line of defense.[31] Further, Defendant mis-represents what actually happened. Trial counsel not only raised the issue of renunciation through cross examination, but also presented the possibility of the defense in post-trial proceedings.[32] The possible deprivation of one of a myriad of defenses is not a constitutional violation affecting the defendant's fundamental decision making, nor does it fail to subject the prosecution's case to meaningful adversarial testing.

Finally, Defendant's *pro se* Motion for Postconviction Relief filed August 6, 2013,[33] presented virtually the same argument. Defendant argued that he retained

---

[30] *Compare*, D.I. # 311, Paul Weber Affidavit at p. 5 (reciting eight defenses and six possible expert witnesses); D.I. # 63, at pp. 2, 12 (Defendant stated that he did not intend to raise any affirmative defenses or any codified defense); D.I. # 312, Paul Weber Affidavit at p. 2 (Defendant attesting his defense was "always and only" renunciation).

[31] *See McCoy*, 138 S.Ct. at 1516 (dissent); *State v. Desmond*, 2011 WL 91984, at *14-16 (Del. Super. Jan. 5, 2011) (denying postconviction relief on basis that *Cooke* did not change the general rule that trial counsel maintains the responsibility to decide which defenses to develop); *Cooke v. State*, 977 A.2d 803, 840-841 (Del. 2009).

[32] *See* Defendant's Memorandum of Law at p. 3, citing A19, A53.

[33] D.I. # 186. Postconviction counsel was later appointed to represent Defendant with respect to his motion and an amended motion was filed. Therefore, to the extent this argument was not subsumed within the First Motion, it was waived for his failure to present the argument at that time.

authority over fundamental decisions regarding the presentation of defenses and trial counsel did not abide by his choice of defenses.[34] Defendant's failure to present this argument through his First Motion constitutes a waiver of the claim, and Defendant has not demonstrated that some external impediment prevented him from presenting the argument earlier, nor prejudice as a result.[35]

For the foregoing reasons, Defendant has not satisfied any of the exceptions to the procedural bars, and therefore, the Second Motion should be summarily dismissed.

## DEFENDANT'S MOTION FOR EVIDENTIARY HEARING

It is within the Court's discretion to hold an evidentiary hearing on a motion for postconviction relief.[36] The sole purpose cited by Defendant for the evidentiary hearing is for Defendant to testify that he intended to present a renunciation defense and trial counsel did not abide by that decision. The record, the submissions, and

---

[34] *See* D.I. # 186, p. 63, *et seq.* citing *Richardson v. State*, 3 A.3d 233 (Del. 2010). Defendant also cited *Petition of State for Writ of Mandamus*, 918 A.2d 1151 (Del. 2007), one of the *Cooke* decisions, demonstrating his awareness of the *Cooke* proceedings.

[35] *See Younger v. State*, 580 A.2d 552, 554, 556 (Del. 1990).

[36] Super. Ct. Crim. R. 61(h)(1); *Getz v. State*, 2013 WL 5656208, at *1 (Del. Oct. 15, 2013); *Johnson v. State*, 2015 WL 8528889, at *4 (Del. Dec. 10, 2015).

11

the legal issues presented were carefully considered and it does not appear that an evidentiary hearing will aid further in the resolution of the Second Motion.

## DEFENDANT'S MOTON FOR APPOINTMENT OF COUNSEL

Pursuant to Superior Court Criminal Rule 61(e)(5), the court "may" appoint counsel for a second postconviction relief motion if it satisfies the pleading requirements of Rule 61(d)(2)(ii). For the reasons set forth above, the Second Motion does not satisfy these requirements.

## DEFENDANT'S MOTION FOR EXPANSION OF THE RECORD

When considering a motion for postconviction relief, the court may order the expansion of the record consider materials, including affidavits, relevant to the determination of the merits of the motion.[37] Here, the proposed exhibits should not be considered because Defendant's arguments are procedurally barred.[38]

---

[37] Super. Ct. Crim. R. 61(g)(1), (2).

[38] *See Bailey*, 588 A.2d at 1127.

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief, should be SUMMARILY DISMISSED; Defendant's Motion for Evidentiary Hearing should be DENIED; Defendant's Motion for Appointment of Counsel should be DENIED; and Defendant's Motion for Expansion of the Record should be DENIED.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

oc:  Prothonotary
cc:  Andrew Vella, Esquire
     Paul Weber (SBI 00162469)