# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,     )
              )
              )
              )
    v.         )    Cr. ID No. 76000001DI
              )
WALTER STOKES, JR.,    )
              )
     Defendant.    )
              )

Submitted: April 29, 2022
Decided: July 14, 2022

## MEMORANDUM OPINION

*Defendant's Pro Se Motion for Rule 61 Postconviction Relief* – **SUMMARILY DISMISSED**

Matthew B. Frawley, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Walter Stokes, Jr., James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se*.

**JURDEN, P.J.**

# BACKGROUND AND PROCEDURAL HISTORY

Over 47 years ago, a Superior Court jury convicted Defendant Walter Stokes, Jr. of Intentional Murder First Degree, Robbery First Degree, Conspiracy First Degree and two counts of Possession of a Deadly Weapon During the Commission of a Felony ("PDWDCF").[1]  Stokes was sentenced to life imprisonment plus an additional term of years at Level V.[2]

Stokes appealed.  In 1979, the Supreme Court reversed two of his convictions: Robbery First Degree and one PDWDCF.[3]  His other convictions were affirmed.[4]

Stokes has been attacking his remaining convictions ever since.  During the past four decades, Stokes has filed two Rule 61 motions,[5] at least five Rule 35 motions,[6] a commutation application,[7] and a federal *habeas* petition.[8]  Nearly all these challenges yielded an appeal.  None, however, was successful.

---

[1] Verdict, *State v. Stokes* (Del. Super. Mar. 31, 1977) (76000001DI), D.I. 10.

[2] Sentencing Order, in *id.*, D.I. 18.

[3] *Stokes v. State,* 402 A.2d 376, 382 (Del. 1979).

[4] *Id.*; Resentencing Orders, *State v. Stokes* (Del. Super. May 25, 1979) (76000001DI), D.I. 32–33.

[5] *See State v. Stokes,* 2008 WL 3312809 (Del. Super. Aug. 11, 2008), *aff'd,* 2008 WL 5247280 (Del. Dec. 18, 2008); Order Den. Def.'s Mot. for Post-Conviction Relief, *State v. Stokes* (Del. Super. June 15, 1989) (76000001DI), D.I. 45, *aff'd*, 1990 WL 38314 (Del. Mar. 13, 1990).

[6] *See State v. Stokes,* 2020 WL 6257035 (Del. Super. Oct. 22, 2020) (resolving two motions that included additional amended filings), *reissued,* 2020 WL 6257035 (Del. Super. July 12, 2021), *aff'd*, 2021 WL 4702602 (Del. Oct. 7, 2021), *reh'g denied,* 2021 WL 4702602 (Del. Nov. 5, 2021); Order Den. Def.'s Mot. for Corr. of Illegal Sentence, *State v. Stokes* (Del. Super. Feb. 14, 2019) (76000001DI), D.I. 75, *aff'd*, 2019 WL 2068320 (Del. May 9, 2019), *reh'g denied*, 2019 WL 2068320 (Del. May 21, 2019); Order Den. Def.'s Mot. for Corr. of Illegal Sentence, *State v. Stokes* (Del. Super. May 29, 2018) (76000001DI), D.I. 73; Order Den. Def.'s Mot. for Corr. of Illegal Sentence, *State v. Stokes* (Del. Super. June 12, 1981) (76000001DI), D.I. 42.

[7] Notice of Pet., *State v. Stokes* (Del. Super. Sept. 9, 2005) (76000001DI), D.I. 55.

[8] *See Stokes v. May*, 2022 WL 1624699 (D. Del. May 23, 2022) (declining to certify appealability).

Stokes now moves under Rule 61 for a third time.[9] As he has done in previous filings, Stokes argues that the Court on remand from his 1979 direct appeal should have acquitted him of Murder First Degree and Conspiracy First Degree.[10] He also reasserts his "actual innocence," claiming the Supreme Court's reversal of his Robbery First and PDWDCF convictions renders him "innocent" of Murder First Degree and Conspiracy First Degree.

## STANDARD OF REVIEW

A defendant may move under Criminal Rule 61 for post-conviction relief.[11] "Rule 61 is intended to correct errors in the trial process, not to allow defendants unlimited opportunities to relitigate their convictions."[12] "It is a matter of fundamental import that there be a definitive end to the litigable aspect of the criminal process."[13] Endless attacks on a lawful conviction "deplete the resources" that otherwise would be dedicated to ensuring relief for the wrongly convicted.[14]

---

[9] Def.'s Mot. for Post-Conviction Relief, *State v. Stokes* (Del. Super. Apr. 27, 2022) (76000001DI), D.I. 103–04.

[10] Superior Court D.I.s 103 and 104.

[11] Del. Super. Crim. R. 61. Although Stokes was convicted in 1979, the 2017 (present) version of Rule 61 applies to his motion. *E.g.*, *Redden v. State*, 150 A.3d 768, 772 (Del. 2016) (observing that the applicable version of Rule 61 is the version in effect at the time the instant motion is filed).

[12] *Ploof v. State*, 75 A.3d 811, 820 (Del. 2013).

[13] *Flamer v. State*, 585 A.2d 736, 745 (Del. 1990). *E.g.*, *Cabrera v. State*, 173 A.3d 1012, 1022 (Del. 2017) (observing Delaware law's "strong interest in the finality of criminal convictions"); *Richardson v. State*, 3 A.3d 233, 238 n.15 (Del. 2010) ("[F]inality . . . is essential to the operation of our criminal justice system." (internal quotation marks omitted)).

[14] *McClesky v. Zant*, 499 U.S. 467, 492 (1991). *See State v. Owens*, 2021 WL 6058520, at *10 (Del. Super. Dec. 21, 2021) ("Calibrated to screen for the wrongfully convicted, Rule 61 should not be used to launch *post hoc* strikes on issues inessential to a judgment of guilt."); *see also United States v. Frady*, 456 U.S. 152, 164–65 (1982) ("Our trial and appellate procedures are not so

On collateral attack, judgments are presumed valid.[15] As a result, a defendant who seeks to invalidate his conviction must rebut a "presumption of regularity."[16] "The presumption of regularity attaches to all final judgments . . . and implies those judgments have been done rightly until contrary evidence appears."[17] Accordingly, Rule 61 shifts to the defendant the burden of demonstrating that his conviction is not supported by a "sufficient factual and legal basis" that otherwise will be presumed.[18]

## DISCUSSION

Before addressing the merits of Stokes's motion, the Court must determine whether the motion is procedurally barred.[19] Relevant here, Rule 61 contains a number bar that precludes review of "second or subsequent" motions.[20] Successive motions must be summarily dismissed unless an exception applies.[21]

Stokes's motion is procedurally barred. Stokes filed his first Rule 61 motion in 1989. The Court denied that motion and the Supreme Court affirmed. Stokes

---

unreliable" as to condone "endless postconviction collateral attacks."). *E.g.*, *Brown v. Allen*, 344 U.S. 443, 537 (1953) (Jackson, J., concurring in the judgment) ("It must prejudice the occasional meritorious [collateral] application to be buried in a flood of worthless ones. He who must search a haystack for a needle is likely to end up with the attitude that the needle is not worth the search."); *accord Brown v. Davenport*, 142 S. Ct. 1510, 1522 (2022).

[15] *E.g.*, *Johnson v. Zerbst*, 304 U.S. 458, 468 (1938).

[16] *E.g.*, *Parke v. Raley*, 506 U.S. 20, 29 (1992); *accord Xenidis v. State*, 2020 WL 1274624, at *2 (Del. Mar. 17, 2020).

[17] *Xenidis*, 2020 WL 1274624, at *2.

[18] Del. Super. Crim. R. 61(a)(1). *See, e.g.*, *Dorsey v. State*, 2007 WL 4965637, at *1–2 (Del. Nov. 6, 2007).

[19] *E.g.*, *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[20] Del. Super. Crim. R. 61(d)(2), (i)(2).

[21] *Id.* R. 61(d)(2)(i)–(ii), (i)(5).

3

filed another Rule 61 motion in 2008. The Court dismissed that motion and the Supreme Court affirmed once more. Undeterred, Stokes has filed a third motion, exceeding Rule 61's limit yet again. Accordingly, Stokes's motion is successive and must be summarily dismissed unless he demonstrates an exception. He cannot.

Under Rule 61(d)(2), a successive motion is unreviewable unless the movant "pleads with particularity . . . new evidence that creates a strong inference" of his actual factual innocence.[22] Evidence is "new" if, among other things, it was "discovered [after] trial" and "could not have been discovered before trial with due diligence[.]"[23] Here, Stokes has not pled any new evidence that creates a strong inference that he is actually innocent in fact of the acts underlying his convictions for Murder First Degree or Conspiracy First Degree. Accordingly, Stokes's motion must be summarily dismissed.

To reach the opposite result, Stokes cites *Purnell v. State*.[24] But his reliance on *Purnell* is misplaced. *Purnell* involved a post-trial recantation of factual evidence as well as potentially exonerating factual evidence that came to light after the defendant filed his first postconviction motion. In contrast, Stokes does not allege

---

[22] *Id.* R. 61(d)(2)(i). There also is an exception for new constitutional rules that are retroactively applicable on collateral review and operate to invalidate the defendant's conviction. *Id.* R. 61(d)(2)(ii). Stokes has not invoked this exception or identified any retroactive rules.

[23] *Lloyd v. State*, 534 A.2d 1262, 1267 (Del. 1987). *Accord Purnell v. State*, 254 A.3d 1053, 1097 (Del. 2021).

[24] 254 A.3d 1053 (Del. 2021).

the existence of any newly discovered factual evidence, let alone exculpatory evidence that could not have been discovered ever before.[25]

Finally, Stokes insists that, because he is "innocent" of Robbery First and PDWDCF, he is somehow innocent of Murder First and Conspiracy First too. As an initial matter, the 1979 Supreme Court did not find Stokes innocent of anything. In fact, Stokes confessed to the acts underlying Robbery First Degree and its related PDWDCF.[26] The Supreme Court nevertheless reversed those convictions on *corpus delicti* grounds.[27] A lack of independent evidence to corroborate a confession does not mean the act to which the defendant confessed did not happen.[28]

Even so, Stokes's reversal argument lacks merit. For one thing, Stokes misreads the Supreme Court's 1979 opinion. The Supreme Court did not invalidate Stokes's remaining convictions—it affirmed them:

> *[F]inding no other reversible error*, we affirm the conviction of the defendant for Murder in the First Degree, First Degree Conspiracy, and one count of Possession of a Deadly Weapon During the Commission of a Felony.[29]

---

[25] *E.g.*, *State v. Clay,* 2022 WL 893744, *3 (Del. Super. Mar. 25, 2022) (when defendant was aware of factual evidence and already raised it in a postconviction motion, and the evidence was formerly adjudicated in a postconviction proceeding, it cannot constitute newly discovered evidence).

[26] *See Stokes,* 402 A.2d at 382.

[27] *Id.* The *corpus delicti* rule requires the State to "present some evidence of the existence of a crime[] independent of the defendant's confession[.]" *Wright v. State*, 953 A.2d 188, 192 (Del. 2008) (internal quotation marks and emphasis omitted).

[28] Although the *corpus delicti* rule guards against "pressured" and false confessions, *DeJesus v. State*, 655 A.2d 1180, 1202 (Del. 1995), there is no evidence that Stokes's confession was untrue or coerced.

[29] *Stokes,* 402 A.2d at 382 (emphasis added).

5

For another, Stokes misunderstands actual innocence. "[A]ctual innocence means factual innocence," not legal innocence.[30] In other words, "the State . . . convicted the wrong person."[31] Stokes's claims do not fit this paradigm. He does not allege, or offer a reason to believe, that someone else committed his crimes.

Nor could he. In denying Stokes's second Rule 61 motion, this Court found sufficient evidence to establish that Stokes intentionally caused the death of James W. Powell by shooting him in the head with a .22 caliber handgun.[32] Stokes provides no basis for revisiting that finding and a fresh review of the record does not reveal one. Accordingly, Stokes's motion is procedurally barred without exception.

For the foregoing reasons, Stokes's third Motion for Postconviction Relief is **SUMMARILY DISMISSED**.

**IT IS SO ORDERED**.

/s/ Jan R. Jurden
Jan R. Jurden, President Judge

cc:     Prothonotary

---

[30] *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotation marks omitted).

[31] *Sawyer v. Whitley*, 505 U.S. 333, 340 (1992). *E.g.*, *State v. Taylor*, 2018 WL 3199537, at *8 (Del. Super. June 28, 2018) (Proving actual innocence "requires new evidence that a person other than the [movant] committed the crime."), *aff'd*, 2019 WL 990718 (Del. Feb. 27, 2019). *Accord Purnell*, 254 A.3d at 1095.

[32] *Stokes,* 2008 WL 3312809, *2, *aff'd,* 2008 WL 5247280. In that motion, Stokes contended that he should have been convicted of Murder Second Degree or Manslaughter rather than Murder First Degree because he was intoxicated at the time he shot and killed Powell.