# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,     )
    )
        Plaintiff,     )
    )
    )    Cr. ID No. 1209008698A
    )
VINCENT STALLINGS,     )
    )
        Defendant.     )

Submitted: September 28, 2022
Decided: December 2, 2022

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S SECOND MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED AND DEFENDANT'S MOTION TO STAY PROCEEDINGS SHOULD BE DENIED

Andrew Vella, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorneys for the State.

Vincent Stallings, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se*.

PARKER, Commissioner

This 2nd day of December 2022, upon consideration of Defendant's second Rule 61 motion for postconviction relief, it appears to the Court as follows:

## BACKGROUND AND PROCEDURAL HISTORY

On June 20, 2014, four days before jury selection was to begin, Defendant Vincent Stallings pled guilty to first degree murder, first degree robbery, and possession of a firearm during the commission of a felony ("PFDCF").[1] Prior to sentencing, Stallings moved to withdraw his guilty plea, which the Court denied on December 19, 2014.[2] The Court then sentenced Stallings to life imprisonment on the murder charge, 25 years at Level V for PFDCF, and three years at Level V on the robbery charge.[3]

The charges arose from robberies committed by Stallings and two co-defendants in April and September 2012. In the robbery of a convenience store on September 12, 2012, the store clerk was shot and killed.[4]

Stallings' conviction and sentence were affirmed on direct appeal.[5] In denying Stallings' direct appeal, the Delaware Supreme Court held that Stallings' motion to withdraw his guilty plea was properly denied because the record reflected

---

[1] *State v. Stallings,* 2018 WL 3655862, *1 (Del.Super.), *aff'd,* 2019 WL 2486754 (Del.).
[2] *Stallings v. State,* 2015 WL 4065924, *1 (Del).
[3] Superior Court D.I. 79- Sentencing Order.
[4] *Stallings v. State,* 2015 WL 4065924 at 1; *State v. Stallings,* 2018 WL 3655862 at 1-2.
[5] *Stallings v. State,* 2015 WL 4065924 (Del).

1

that Stallings entered into the guilty plea voluntarily and without mistake or apprehension of his legal rights.[6]

On December 9, 2015, Stallings filed a *pro se* motion for postconviction relief. Postconviction counsel was later appointed and counsel filed an amended motion for postconviction relief on Stallings' behalf. In Stallings' first Rule 61 motion, Stallings claimed, *inter alia,* that the trial court erred in accepting his plea and in denying the motion to withdraw his plea. Stallings also claimed that his trial counsel was ineffective in preparing his case for trial, failing to ensure his plea was knowing, intelligent and voluntary, and in failing to raise on appeal the errors associated with his plea.[7]

After extensive briefing and a hearing, and following a full, careful and thorough review of the record and submissions, the Superior Court denied Stallings' motion for postconviction relief.[8] The denial of Stallings' first Rule 61 motion was affirmed on appeal.[9]

Stallings filed the subject motion, his second postconviction relief motion, on June 22, 2022, along with a motion for appointment of counsel and a motion to stay

---

[6] *Id.* at 2.
[7] *State v. Stallings,* 2018 WL 3655862, *1, 3 (Del.Super.), *aff'd,* 2019 WL 2486754 (Del.).
[8] *State v. Stallings,* 2018 WL 3655862 (Del.Super.).
[9] *Stallings v. State,* 2019 WL 2486754 (Del.).

proceedings.[10]  The motion for appointment of counsel was denied by Order dated September 28, 2022.[11]

## STALLINGS' SECOND RULE 61 MOTION

In the subject motion, Stallings re-raises the same claims that he raised on direct appeal and/or in his first Rule 61 motion.  Stallings continues to contend that the trial court erred in accepting his plea and in denying the motion to withdraw his plea, that his counsel was ineffective with the handling of the plea, that his plea was coerced and that there were other improprieties with his plea.

A defendant may move under Superior Court Criminal Rule 61 for postconviction relief.[12]  Rule 61 is intended to correct errors in the trial process, not to allow defendants unlimited opportunities to relitigate their convictions.[13] There must be a definitive end to the litigable aspect of the criminal process.[14]

Rule 61 contains a number bar that precludes review of "second or subsequent" motions.[15]  Successive motions must be summarily dismissed unless an exception applies.[16]

---

[10] Superior Court D.I.s 158, 159 & 160.
[11] Superior Court D.I. 163.
[12] Del.Super.Crim.R. 61.
[13] *Ploof v. State,* 75 A.3d 811, 820 (Del. 2013).
[14] *Flamer v. State,* 585 A.2d 736, 745 (Del. 1990); *Richardson v. State,* 3 A.3d 233, 238 n. 15 (Del. 2010).
[15] Del.Super.Crim.R. 61(d)(2), (i)(2).
[16] Del.Super.Crim.R. 61(d)(2)(i)-(ii), (i)(5).

Stallings' motion is procedurally barred. Stallings filed his first Rule 61 motion on December 9, 2015. The Superior Court denied that motion and the Delaware Supreme Court affirmed. This is Stallings' second Rule 61 motion. Accordingly, Stallings' motion is successive and must be summarily dismissed unless he demonstrates an exception. He cannot.

Under Rule 61(d)(2), a successive motion is unreviewable unless the movant was convicted after a trial.[17] Here, Stallings' conviction stemmed from a plea not a trial. Stallings is therefore ineligible to proceed on his successive motion and it must be summarily dismissed.[18]

For successive motions in which the movant was convicted after a trial, those motions must be summarily dismissed unless the movant pleads with particularity: (1) that new evidence exists that creates a strong inference of that defendant's actual factual innocence, or (2) the existence of a new rule of constitutional law made retroactive to cases on collateral review rendered that defendant's convictions invalid.[19] Evidence is "new" if, among other things, it was discovered after trial and could not have been discovered before trial with due diligence.[20]

---

[17] Del.Super.Crim.R. 61(d)(2)("A second or subsequent motion under this rule shall be summarily dismissed, **unless the movant was convicted after a trial** . . .")(emphasis added).

[18] Del.Super.Crim.R. 61(d)(2); See, *Grayson v. State,* 2022 WL 16630776 (Del.).

[19] *Id.*

[20] *Lloyd v. State,* 534 A.2d 1262, 1267 (Del. 1987); *Purnell v. State,* 254 A.3d 1053, 1097 (Del. 2021).

4

Even if Stallings' pending motion was considered under the exceptions applicable to only those convictions resulting from trials, Stallings' pending motion would still be unreviewable. Stallings has not pled any new evidence, let alone pled the existence of new evidence that creates a strong inference that he is actually innocent in fact of the acts underlying his convictions. Thus, the "actual innocence" exception (Rule 61(d)(2)(i)) to overcome the procedural bars of Rule 61 would not be available to Stallings even if his motion qualified for consideration under this exception.

In the subject motion, Stallings relies on *Purnell v. State,*[21] as somehow creating a new rule of constitutional law that would warrant consideration of this successive motion. Stallings is incorrect in this regard. Contrary to Stallings' claim, *Purnell* did not announce a new, retroactively applicable rule of constitutional law. *Purnell* involved a post-trial recantation of factual evidence as well as potentially exonerating factual evidence that came to light after the defendant filed his first postconviction motion.

In *Purnell*, the Delaware Supreme Court found that the defendant has satisfied both prongs of the "actual innocence" exception (Rule 61(d)(2)(i)) to the procedural bars of Rule 61. In *Purnell,* the Delaware Supreme Court held that the defendant

---

[21] *Purnell v. State,* 254 A.3d 1053 (Del. 2021).

pled with particularity the existence of new evidence and that the new evidence created a strong inference that he is actually innocent in fact of the acts underlying the charges of which he was convicted.[22] The Delaware Supreme Court acknowledged that *Purnell* was the "extraordinary" and "rare" case where a defendant had satisfied the actual innocence exception to the procedural bars in Rule 61.[23]

In *Purnell*, the Delaware Supreme Court further noted that because legitimate claims of actual innocence are so exceedingly rare, the actual innocence exception poses no threat to the State's interest in finality.[24] *Purnell* did not announce a new rule of constitutional law, it applied the existing rules to that "extraordinary" and "rare" case and found that Purnell had met his "heavy" actual innocence burden to overcome the procedural bars applicable to successive Rule 61 motions.[25]

The *Purnell* case is not applicable here. In this case, Stallings does not even allege the existence of any newly discovered factual evidence, let alone exculpatory evidence that could not have been discovered ever before.[26]

---

[22] *Id.* at 1122-1123.
[23] *Id.*
[24] *Id.*
[25] *Id.*
[26] See, *State v. Clay,* 2022 WL 893744, *3 (Del.Super.)(when defendant was aware of factual evidence and already raised it in a postconviction motion, and the evidence was formerly adjudicated in a postconviction proceeding, it cannot constitute newly discovered evidence).

Moreover, even if *Purnell* did announce a new rule of constitutional law (which it did not), Stallings cannot avail himself of Superior Court Criminal Rule 61(d)(2)(ii) because he waived his right to a jury trial and chose to plead guilty.[27]

In accordance with the mandates of Rule 61, Stallings' motion is summarily dismissed since he failed to meet the pleading requirements allowing him to proceed with this second Rule 61 motion. As such, Stallings' request for a stay of these proceedings is likewise denied. There is no just reason to stay the decision of this procedurally barred motion.

For the sake of completeness, it is noted that in his motion, Stallings contended that some prior version of Rule 61, the version in effect prior to the amendments of June 4, 2014, should govern the consideration of this motion.[28] Stallings is incorrect in this regard. The Delaware Supreme Court has repeatedly held that a motion for postconviction relief is to be adjudicated in accordance with Rule 61 as it exists at the time the motion is filed.[29] This motion was filed in June 2022, and it is the Rule 61 motion in effect at the present time that governs this motion.

---

[27] *Grayson v. State,* 2022 WL 16630776 (Del.)( Rule 61(d)(2)(ii) is not available to a defendant that plead guilty and any second or successive motion must be summarily dismissed unless the movant was convicted after a trial).

[28] See, Superior Court D.I. 160.

[29] *Redden v. State,* 150 A.3d 768, 772 (Del. 2016); *Purnell v. State,* 254 A.3d 1053, 1094-95 (Del. 2021).

Furthermore, in this case, Rule 61, as amended June 4, 2014, was the only applicable version that ever governed Stallings' postconviction claims. Afterall, Stallings entered into his plea on June 20, 2014 (after the June 4, 2014 amendments to Rule 61 went into effect), he was sentenced in December 2014, and his case did not become final and ripe for Rule 61 review under after his direct appeal was decided in June 2015.[30] There was never any other version of Rule 61 in effect available to Stallings at any time during the post-conviction process.

For the foregoing reasons, Stallings' second Motion for Postconviction Relief should be SUMMARILY DISMISSED and his request for a stay of these proceedings should be DENIED.

**IT IS SO RECOMMENDED.**

/s/ Lynne M. Parker
Commissioner Lynne M. Parker

cc:    Prothonotary

---

[30] Del.Super.Crim.R. 61(m)(2).