# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 0002019767 |
| | ) | |
| KUSHAL SHAH, f/k/a GERRON M. LINDSEY, | ) | |
| | ) | |
| | ) | |
| Defendant. | | |

Submitted: January 31, 2023
Decided: April 4, 2023

Upon Commissioner's Report and Recommendation
That Defendant's Motion for Postconviction Relief
Should Be Denied

**ADOPTED**

## **ORDER**

Elizabeth R. McFarlan, Esq., Deputy Attorney General, Department of Justice, Wilmington, DE, *Attorney for the State*

Herbert W. Mondros, Esq., Rigrodsky Law, P.A., Wilmington, DE, *Attorney for Defendant*

**JOHNSTON, J.**

1

This 4th day of April, 2023, the Court has considered the Motion for Leave to File an Amended Rule 61 Motion for Postconviction Relief, the Commissioner's Report and Recommendation, Defendant's Appeal from the Commissioner's Findings of Fact and Recommendations, the State's Response to Defendant's Appeal, and the relevant proceedings below.

## PROCEDURAL POSTURE

On February 5, 2020, Defendant Kushal K. Shah ("Defendant") filed his thirteenth Motion for Postconviction Relief, a supporting memorandum of law, and a Motion for Appointment of Counsel. A Superior Court Commissioner granted Defendant's motion for appointment of counsel on September 24, 2020. On November 2, 2021, Defendant's counsel filed a Motion to Withdraw as Counsel. The motion was granted. New counsel entered his appearance on November 12, 2021. On April 18, 2022, Defendant's counsel filed a Motion for Leave to File an Amended Rule 61 Motion for Postconviction Relief. The State responded on July 13, 2022. Defendant replied on August 16, 2022.

The motion was referred to a Superior Court Commissioner in accordance with 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62 for proposed findings of fact and conclusions of law. The Commissioner issued the Report and Recommendation on January 11, 2023. The Commissioner recommended that Defendant's thirteenth Motion for Postconviction Relief be summarily dismissed,

and that the Court should order Defendant not to file future Motions for Postconviction Relief without first obtaining leave of the Court.

"Within ten days after filing of a Commissioner's proposed findings of fact and recommendations . . . any party may serve and file written objections."[1] On January 25, 2023, Defendant filed his Appeal from the Commissioner's Findings of Fact and Recommendations. The State filed its response on January 31, 2023. The Court now conducts its *de novo* review.

## ANALYSIS

### *Alleged Conflict*

Defendant contends the Commissioner that issued the recommendation may be conflicted because he worked at the Delaware Department of Justice before becoming a Commissioner. The Commissioner was assigned to this case, after recusing himself from Department of Justice matters for his initial year of service on the Court, in accordance with Delaware Judges' Code of Judicial Conduct Rule 2.11(A)(4)(a). The State has represented that the Commissioner had no involvement in the prosecution of the Defendant prior to joining the Court. Because the only contention is that the Commissioner worked at the Delaware Department of Justice, a hearing is not warranted.

---

[1] Super. Ct. Crim. R. 62(a)(5)(ii).

3

The Court finds the assigned Commissioner is not conflicted from issuing his Recommendation and Report in this matter. There is no indication that the Commissioner could not be impartial in this matter.

### *Procedural Bar*

Defendant's thirteenth Motion for Postconviction relief is procedurally barred by Rule 61(i)(2)(i) and Rule 61(d)(2)(i–ii). Rule 61(i)(2)(i) states: "No second or subsequent motion is permitted under this Rule unless that second or subsequent motion satisfies the pleading requirements of subparagraphs (2)(i) or (2)(ii) of subdivision (d) of this rule." Rule 61(d)(2)(i–ii) states:

> A second or subsequent motion under this rule shall be summarily dismissed, unless the movant was convicted after a trial and the motion either:
>> (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
>> (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.

Defendant pled guilty but mentally ill to a First-Degree Murder in 2002. Defendant has acknowledged his thirteenth Postconviction Motion is procedurally barred because it is a successive motion regarding a conviction from a plea—not a

trial. However, Defendant contends he should be granted a waiver because of "the unusual facts of this case."[2]

The Court finds a waiver is not warranted.[3]

### *Retroactivity*

If the procedural bar were waived, Defendant argues the Delaware Supreme Court's decision in *Taylor v. State*[4] constitutes a new rule of constitutional law that should be "made retroactive to cases on collateral review" and "render[] the conviction . . . invalid."[5]

"[N]ew constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced."[6] However, "new *substantive* rules generally apply retroactively."[7] Additionally, "new 'watershed rules of criminal procedure,' which are procedural rules 'implicating the fundamental fairness and accuracy of the criminal proceeding,'"

---

[2] Def.'s Mot. for Leave to File an Am. Rule 61 Mot. for Postconviction Relief, at 5.

[3] *State v. Page*, 2009 WL 1141738, at *3 (Del. Super.), *aff'd*, 994 A.2d 745 (Del. 2010) ("To protect the procedural integrity of Delaware's rules, the Court will not consider the merits of a postconviction claim that fails any of Rule 61's procedural requirements."). The Court also notes that the Delaware Supreme Court has affirmed the Court's ruling on at least two prior occasions that Defendant is procedurally barred from postconviction relief due to his plea. *Shah v. State*, 2019 WL 3069662 (Del.), at *1 (denying Shah's twelfth motion for postconviction relief because "Shah was not convicted after trial and did not satisfy the requirements of Superior Court Criminal Rule 61(d)(2)"); *Shah v. State*, 2015 WL 9436813, at *2 (Del.) ("Under Rule 61(d)(2), summary dismissal of Shah's postconviction was appropriate because it was his tenth motion for postconviction relief after a guilty plea, not a trial.").

[4] 213 A.3d 560 (Del. 2019).

[5] Rule 61(d)(2)(ii).

[6] *Teague v. Lane*, 489 U.S. 288, 310 (1989).

[7] *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004).

may be applied retroactively.[8]  A case does not announce a new substantive rule when it merely applies or clarifies principles from a previous case.[9]  "To qualify as watershed under the second exception, a rule must[:]" (1) "be necessary to prevent 'an impermissibly large risk' of an inaccurate conviction;" and (2) "'alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding.'"[10]

Under *Taylor v. State*, a defendant has "an absolute right to withdraw a guilty but mentally ill plea before the plea is accepted by the court."[11]  11 *Del. C.* § 408(a) outlines the procedure the Court must follow in finding a defendant guilty but mentally ill:

> Where a defendant's defense is based upon allegations which, if true, would be grounds for a verdict of "guilty, but mentally ill" or the defendant desires to enter a plea to that effect, no finding of "guilty, but mentally ill" shall be rendered until the trier of fact has examined all appropriate reports (including the presentence investigation); has held a hearing on the sole issue of the defendant's mental illness, at which either party may present evidence; and is satisfied that the defendant did in fact have a mental illness at the time of the offense to which the plea is entered. Where the trier of fact, after such hearing, is not satisfied that the defendant had a mental illness at the time of the offense, or determines that the facts do not support a "guilty, but mentally ill" plea, the trier of fact shall strike

---

[8] *Powell v. Delaware*, 153 A.3d 69, 72 (Del. 2016) (quoting *Saffle v. Parks*, 494 U.S. 484, 495 (1990)).

[9] *Richardson v. State*, 3 A.3d 233, 238 (Del. 2010); *Younger v. State*, 580 A.2d 552, 554 (Del.1990)).

[10] *Richardson*, 3 A.3d at 239.

[11] *Taylor*, 213 A.3d at 568.

such plea, or permit such plea to be withdrawn by the defendant. A defendant whose plea is not accepted by the trier of fact shall be entitled to a jury trial, except that if a defendant subsequently waives the right to a jury trial, the judge who presided at the hearing on mental illness shall not preside at the trial.

In *Taylor v. State*, the Delaware Supreme Court also offered the following guidance for the proper procedures to follow when accepting a guilty but mentally ill plea:

> For future guidance, we interpret [11 *Del. C.* § 408(a)] as follows. A defendant can plead guilty but mentally ill to a crime, and the court can accept the plea in the same hearing after finding under Superior Court Criminal Rule 11 that the defendant's plea is made knowingly, intelligently, and voluntarily. But, the court should defer adjudicating the defendant guilty but mentally ill of the crime until after it holds a hearing where the sole issue is the defendant's mental illness. As part of the evidence at the second mental illness hearing, the court should consider the presentence investigation. After the second hearing, if the court is satisfied that the requirements of § 408(a) have been met, the court should adjudicate the defendant guilty but mentally ill of the offense and impose sentence. If the statutory requirements are not met, the court should strike the plea or allow the defendant to withdraw it.[12]

The Court finds the holding and guidance from *Taylor v. State* do not represent either a new substantive rule of constitutional law, or a watershed rule of criminal procedure. Rather, the Delaware Supreme Court merely clarified the

---

[12] *Id.* at 569 n.45.

application of 11 *Del. C.* § 408(a).  In *Taylor v. State*, the Delaware Supreme Court stated: "Our interpretation of § 408(a) is consistent with the rules of other courts generally applicable to any plea not yet accepted by the court, the common law, and, . . . a defendant's Sixth Amendment autonomy interest in controlling his plea decision."[13]  Because the Court merely clarified a § 408(a) and other caselaw, *Taylor v. State* did not announce a new "substantive rule" or "watershed rule of criminal procedure."

### *Right to Withdraw Guilty Plea*

If *Taylor v. State* were to constitute either a "new substantive rule," or "watershed rule of criminal procedure," Defendant contends that he had a right to withdraw his guilty plea between when the Court accepted his plea, and when the Court adjudicated the Defendant mentally ill at the time of the crime.

In Defendant's case, the Court accepted Defendant's plea during a hearing on April 9, 2002.[14]  On June 27, 2002, the Court adjudicated the defendant guilty but mentally ill in a second hearing[15] "on the sole issue of the defendant's mental illness."[16]  In between the two hearings, Defendant filed a Motion to Withdraw his

---

[13] 213 A.3d at 568.

[14] *See State v. Lindsey*, 2002 WL 1463103, at *1–2 (Del. Super.) (explaining the procedures the court went through in accepting the Defendant's guilty plea).

[15] June 27, 2002 Hr'g Tr, 19:1–6 (finding that Dr. Foster's report and testimony show it was clear defendant suffered from mental illness at the time of the incident, and that the guilty but mentally ill plea was supported by substantial evidence).

[16] 11 *Del. C.* § 408(a).

plea. The Court denied the motion on May 21, 2002—the same day the Court received Defendant's note, stating: "I do wanna go along with my guilty but mentally ill plea because I apologize for the life I took[.] I didn't mean it. I'm sorry for shooting the guy[.] [I]t was a mistake and [I'm] sorry for it."

The Defendant's arguments concerning the Court's alleged procedural shortcomings conflate "accepting the plea" with the Court's adjudication of the Defendant being mentally ill at the time of the crime. The Court's acceptance of the plea, and the Court's adjudication of the Defendant being mentally ill at the time of the crime, are two separate procedures. The requirement that the Court hold a hearing where the sole issue is the defendant's mental illness is only necessary before the adjudication of the Defendant's mental illness—not before the acceptance of the plea. The Court's acceptance of the guilty but mentally ill plea may take place before the subsequent hearing where the sole issue is the defendant's mental illness.

The Court finds the Defendant did not have an absolute right to withdraw his guilty plea after the plea was accepted by the Court in the first hearing. Once the Court accepts the guilty but mentally ill plea, the Defendant no longer has an unconditional right to withdraw his plea. By accepting Defendant's plea in the first hearing, and adjudicating that Defendant was mentally ill at the time of the

crime in the second hearing, the Court followed the procedure permitted by 11 *Del. C.* § 408(a) and amplified and clarified in *Taylor v. State*.

## CONCLUSION

The Court finds that the Commissioner's Report and Recommendation, dated January 11, 2023, should be adopted for the reasons set forth therein. The Commissioner's findings are not clearly erroneous, are not contrary to law, and are not an abuse of discretion.[17]

**THEREFORE,** after careful and *de novo* review of the record in this action, the Court hereby **adopts the Commissioner's Report and Recommendation in its entirety.** Defendant's Motion for Leave to File an Amended Rule 61 Motion for Postconviction Relief is hereby **DENIED.** Defendant's Motion for Postconviction Relief is hereby **SUMMARILY DISMISSED. DEFENDANT SHALL NOT BE PERMITTED TO FILE FUTURE MOTIONS FOR POSTCONVICTION RELIEF WITHOUT FIRST OBTAINING LEAVE OF THE COURT.**

**IT IS SO ORDERED.**

_____*/s/ Mary M. Johnston*_____
The Honorable Mary M. Johnston

---

[17] Super. Ct. Crim. R. 62(a)(4)(iv).