# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,          )
                           )
v.                         )          ID No. 2211005272; 2207003702
                           )
ALVIN WILLIAMS,            )
                           )
          Defendant.       )

Dated: October 10, 2024
Submitted: October 31, 2023

## ORDER DENYING POSTCONVICTION RELIEF

On October 31, 2023, the defendant moved this Court for postconviction relief from his May 30, 2023 conviction for Possession of a Firearm by a Person Prohibited.[1] Defendant argues he is entitled to postconviction relief because his defense counsel was ineffective.[2] After considering the matter, this Court finds Defendant's Motion lacks merit and must be DENIED.

## BACKGROUND

On November 12, 2022, New Castle County Police responded to a report of a person with a gun outside 2 Hawksbury Court in Newark, Delaware. The person was reported to be near a Toyota Prius and pointing the gun at another car. Police

---

[1] *See* Docket Item ("D.I.") 7.

[2] D.I. 12.

1

arrived to find Alvin Williams ("Defendant") exiting the Toyota Prius with his hands in the air—and begging officers not to shoot. Officers then observed Defendant throw an item directly in front of him, later identified as a silver Kimber handgun in a brown holster. Defendant advised the officers the firearm was registered to his girlfriend, with whom he had been involved in a domestic incident. At the time, Defendant was prohibited from having contact with the girlfriend by a Family Court No Contact Order. Defendant told the officers he had been drinking. Witnesses at the scene stated Defendant had been aiming the gun at another vehicle and its driver.

The State indicted Defendant on two counts of Aggravated Menacing, Possession of a Firearm During the Commission of a Felony ("PFDCF"), Possession of a Firearm by a Person Prohibited ("PFBPP"), Possession of a Firearm While Under the Influence, and Noncompliance with the Conditions of Bond.[3]

At Final Case Review, held May 30, 2023, Defendant entered a guilty plea to a single charge of PFBPP.[4] In exchange for the guilty plea, the State dismissed the remaining charges.[5]

Defendant was immediately sentenced to 15 years at Level V, suspended after a 3-year minimum mandatory sentence, for 12 months at Level III probation, with

---

[3] D.I. 2.

[4] D.I. 7 (ID No. 23-01-0076).

[5] *Id.*

2

conditions, including that he forfeit the firearm and ammunition seized.[6] Defendant did not take a direct appeal.

On August 3, 2023, Defendant wrote this Court asking for an "appeal . . . to get a lesser sentence . . . [b]ecause I feel that my Public defender did not get me the best plea possible in this case . . . also there was no ammunition to this firearm . . . [s]o there was no danger to myself or anyone else in this case."[7] By Order dated September 13, 2023, this Court denied Defendant's motion for reduction of sentence under Rule 35 on the bases: the sentence was imposed under a negotiated Plea Agreement [and] this Court addressed Defendant personally and determined [he] understood both the nature of the charge and that a minimum mandatory sentence would be imposed."[8] This Court noted: "[H]e alleges his attorney did not get him 'the best plea possible.' This is not an appeal."[9]

Just over a month later, Defendant moved for postconviction relief ("Motion") under Rule 61. This is Defendant's first motion for postconviction relief and was timely filed. This Court did not direct the State or Defendant's Counsel to respond;

---

[6] *Id. See also* D.I. 8 (June 7, 2023 ASOP Sentencing Order)

[7] D.I. 9.

[8] *Id.* at 2; Super. Ct. Crim. R. 35.

[9] *Id.* at 3.

however, on January 3, 2024, this Court ordered a transcript of the Plea Colloquy that was received July 16, 2024.[10]

## DISCUSSION

Rule 61, *Postconviction remedy*, provides incarcerated individuals a chance to seek redress from a prior sentence of this Court by "setting aside a judgment of conviction" because this Court "lacked jurisdiction to enter the judgment or on any other ground that is a sufficient factual and legal basis for a collateral attack upon a criminal conviction."[11]

Defendant seeks postconviction relief claiming his court-appointed counsel ("Counsel") was ineffective because she: (1) advised him to plead guilty to a fact not in evidence; (2) failed to provide him with full discovery; and (3) failed to file a timely notice of an appeal.[12]

To merit postconviction relief based upon a claim of ineffective assistance of counsel, a defendant "must demonstrate[:] (1) trial counsel's performance was objectively unreasonable[] and (2) if trial counsel was deficient, there was a 'reasonable probability that, but for counsel's unprofessional errors, the result of the

---

[10] In mid-June, this case was reassigned due to the retirement of a judicial officer.

[11] Super. Ct. Crim. R. 61(a)(1).

[12] D.I. 12.

4

proceeding would have been different.'"[13] The "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time."[14] Delaware courts recognize "a strong presumption that counsel conducted himself in a professionally reasonable manner. Mere allegations of ineffectiveness are not enough."[15] "In the context of a plea challenge, it is not sufficient for the defendant to simply claim . . . counsel was deficient;"[16] rather, the defendant "must make and substantiate concrete allegations to overcome this presumption."[17] Moreover, even when a colorable claim of ineffective assistance exists, "[t]he defendant must also establish that counsel's actions were so prejudicial that there was a reasonable probability that, *but for counsel's deficiencies, the defendant would not have taken a plea but would have*

---

[13] *State v. Wharton*, 2024 WL 3813471, at *4 (Del. Super. Aug. 13, 2024) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984)).

[14] *Strickland v. Washington*, 466 U.S. at 669.

[15] *State v. Wharton*, 2024 WL 3813471, at *4 (first citing *Albury v. State*, 551 A.2d 53, 59 (Del. 1988); and then citing *Younger v. State*, 580 A.2d 552, 556 (Del. 1990)).

[16] *State v. Williams*, 2024 WL 4024979, at *4 (Del. Super. Aug. 30, 2024).

[17] *State v. Wharton*, 2024 WL 3813471, at *4 (first quoting 466 U.S. at 689; and then citing *Salih v. State*, 962 A.2d 257, 257 (Del. 2008) (TABLE)).

*insisted on going to trial.*"[18] The "failure to state with particularity the nature of the prejudice experienced is fatal to a claim of ineffective assistance of counsel."[19]

This Court finds no merit in Defendant's first claim of ineffectiveness— that his counsel erroneously failed to challenge the factual basis for his plea to PFBPP. Title 11, Section 1448 of the Delaware Code states "the following persons are prohibited from . . .possessing or controlling a deadly weapon or ammunition for a firearm within the State: . . . Any person who has been convicted in this State or other jurisdiction of a felony crime of violence involving physical injury to another person[.]"[20] The definition of a deadly weapon includes a "firearm."[21] Counsel was aware several police and lay witnesses observed Defendant holding and dropping a firearm at the crime scene. Counsel was also provided evidence of Defendant's underlying New York conviction that made Defendant a person prohibited. Because the evidence known to Counsel established Defendant's guilt of PFBPP, her recommendation did not fall outside "the range of competence demanded of

---

[18] *State v. Williams*, 2024 WL 4024979, at *4 (emphasis added) (citing *Strickland v. Washington*, 466 U.S. at 687–88; *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997); *Premo v. Moore*, 562 U.S. 115, 121–22 (2011)).

[19] *Hoskins v. State*, 102 A.3d 724, 730 (Del. Sept. 22, 2014) (citing *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996) and *Richardson v. State*, 3 A.3d 233, 240 (Del. 2010)) (citations omitted)).

[20] 11 *Del. C.* § 1448.

[21] 11 *Del. C.* § 222(6).

attorneys in criminal cases."[22] It follows that Counsel was not ineffective in advising or permitting Defendant to plead guilty to PFBPP in exchange for a dismissal of other serious felony charges. Additionally, the transcript of the plea colloquy[23] reflects Defendant specifically admitted, on November 12, 2022, he knowingly possessed a firearm when he was a person prohibited from doing so as a result of a prior conviction.[24] This Court found Defendant knowingly, voluntarily, and intelligently pled guilty.[25] A defendant's statements during a plea colloquy are presumed to be truthful[26] and a "defendant's representations at [a] plea colloquy, as well as any findings made by the judge accepting the plea, constitute a 'formidable barrier in any subsequent collateral proceedings.'"[27] Defendant's vague and conclusory allegation about facts not in evidence is not supported by the evidence and directly refuted by his own admission of guilt during the plea colloquy. Defendant also signed a Truth-in-Sentencing form acknowledging he was satisfied

---

[22] *State v. Torres,* 2015 WL 5969686 (Del. Super Oct. 2, 2015) (citing *McMann v. Richardson,* 397 U.S. 759, 770 (1970)).

[23] Citations to the May 30, 2023 plea colloquy are in the form "Tr. #".

[24] Tr. 7: 17–23.

[25] Tr. 8:1–3.

[26] *State v. Smith,* 2024 WL 1577183, at *6 (Del. Super. Apr. 11, 2024) (citing *Somerville v. State,* 703 A.2d at 632).

[27] *State v. Tingle,* 2024 WL 4201908, at *1 (Del. Super. Sept. 16, 2024) (citing *State v. Mendez,* 2003 WL 23095688, at *3 (Del. Super. Dec. 19, 2003)).

with his counsel's representations[28] and that he had reviewed the plea offer in detail and thoroughly discussed his case with his counsel.[29] Despite Defendant's dissatisfaction with the plea offer[30] and Counsel's performance,[31] he admitted he did not think there would be a different result with another lawyer.[32] Defendant's postconviction claim fails because he neither established an error by counsel sufficient to establish ineffective assistance nor that he would have gone to trial and prevailed but for such error.

Defendant's second contention, that Counsel was ineffective by failing to provide him with full discovery, also lacks merit. The record indicates Defendant received discovery, albeit just before the entry of the plea.[33] Counsel advised this Court:

> I've informed Mr. Williams of the time he's facing at trial a min mandatory of 6 years and up to 52 years. *I want to make a record that we received discovery today. If he was not able to review that discovery before making the decision to accept that plea, I have given the option of a possible continuance* but informed him that it would be up to the Court because this is his final case review. He is aware that he will not

---

[28] D.I. 7.

[29] Tr. 5:14–16.

[30] Tr. 8:10–16 (Prior to sentencing, Defendant advised this Court, "I just felt that it was a little harsh since I was like, 21 years without an incident and I should have got it expunged but I don't think this would have went any other way if I'd had her [(referring to his defense counsel)] or a paid attorney, I don't think").

[31] *Id.*

[32] *Supra* note 30.

[33] Tr. 4:17–5:8 (emphasis added).

8

have a trial by accepting this plea. Additionally, he is aware that the Court must impose a 3-year minimum mandatory based on this charge and has the discretion to impose up to 15 years. *I believe he is entering this plea knowingly, intelligently, and voluntarily.*[34]

Defendant did not advise Counsel to seek a continuance; rather, he elected to proceed with a guilty plea. By knowingly and voluntarily entering his guilty plea, Defendant "waived his right to challenge any alleged error . . . occurring prior to the entry of the plea."[35] As such, Defendant cannot show a reasonable probability that, but for Counsel's error, the result of the proceeding would have been different.

Defendant's third claim, that Counsel was ineffective by failing to file an appeal on his behalf, also lacks merit. Defendant signed a Truth-in-Sentencing form acknowledging he was waiving his right to appeal.[36] Defendant then told the judge he understood that he could not appeal either a plea of guilty or any sentence imposed.[37] Defendant did not even allege he asked his counsel to file an appeal on his behalf.[38] Nor has he stated any facts that establish but for Counsel's error, he would have been successful on appeal. Conversely, Defendant knew if he went to

---

[34] *Id.*

[35] *Sanchez v. State*, 2010 WL 2169424 (Del. 2010) at *1 (citing *Somerville v. State*, 703 A.2d 629, 631 (Del.1997)).

[36] D.I. 7.

[37] Tr. 7:7–10.

[38] D.I. 12.

trial, he faced a minimum mandatory of 6 years and up to 52 years [39] and, perhaps wisely decided, "Yeah, I'm taking the plea to three years."[40] An appeal based on ineffective assistance of counsel would likely be unsuccessful where a defendant receives a "significant benefit by pleading guilty and [the] guilty plea presented a rational choice given the charges and possible sentences [the defendant] was facing."[41] Defendant can neither establish an error by counsel nor that but for that error his appeal would have been successful; thus, Defendant's third postconviction claim of ineffective assistance of counsel is without merit.

## CONCLUSION

This Court finds Defendant's postconviction claims lack merit and do not warrant relief under Rule 61. Defendant's Motion lacks the concrete allegations of ineffectiveness necessary to overcome the strong presumption that Counsel conducted herself in a professionally reasonable manner; rather, Defendant understood his plea agreement and knowingly, intelligently, and voluntarily entered a guilty plea that benefitted him. Nor did Defendant show a reasonable probability that, but for counsel's unprofessional errors, he would have proceeded to trial or that

---

[39] Tr. 4:17–5:8 (emphasis added); Tr. 6:6–14.

[40] Tr. 6:1–2.

[41] *Sanchez v. State*, 994 A.2d 745 (Del. 2010).

10

he would have prevailed in appealing his guilty plea. Accordingly, Defendant's Motion is DENIED.

**IT IS SO ORDERED.**

/s/ *Kathleen M. Vavala*
The Honorable Kathleen M. Vavala